[Cite as *Socha v. Weiss*, 2017-Ohio-7610.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105468

## MICHAEL P. SOCHA,

### PLAINTIFF-APPELLANT

vs.

## LEON A. WEISS, ET AL.

### DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-860199

**BEFORE:** E.A. Gallagher, P.J., Stewart, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 14, 2017

**ATTORNEY FOR APPELLANT**

Richard F. Swope
Swope and Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068


**ATTORNEYS FOR APPELLEE**

Clifford C. Masch
Brian D. Sullivan
Reminger Co., L.P.A.
101 West Prospect Avenue, Suite 1400
Cleveland, Ohio 44115

EILEEN A. GALLAGHER, P.J.:

{¶1} Plaintiff-appellant Michael Socha appeals from an order of the Cuyahoga County Court of Common Pleas dismissing his complaint for legal malpractice against defendants-appellees Leon Weiss and Erica Eversman (collectively, "appellees") on the ground that his claim was barred by the statute of limitations. For the reasons that follow, we affirm.

**Factual Background and Procedural History**

{¶2} On June 12, 2014, Socha filed his original complaint for legal malpractice, pro se, against appellees. He voluntarily dismissed his complaint without prejudice in March 2015, after appellees filed a motion for judgment on the pleadings. On March 10, 2016, Socha refiled his complaint. Socha alleged that, "[i]n or about 1995-1999," he had retained appellees to represent him in a probate matter involving the estate of his sister, Lucy Socha (the "probate matter") and that the matter was "settled to the satisfaction of all parties." Socha further alleged that in May or June 2000, he asked appellees to return certain "personal documents and records" he had provided to them in connection with the probate matter but that appellees never responded to his request. Socha alleged that he needed the documents to prepare a petition for postconviction relief in a criminal matter (the "criminal case").[1] According to Socha, these documents could have been used to

---

[1] In 1999, Socha was convicted of murdering his former brother-in-law, Edward Edwards. *See State v. Socha*, 8th Dist. Cuyahoga No. 76913, 2001 Ohio App. LEXIS 2071 (May 10, 2001); *State v. Socha*, 8th Dist. Cuyahoga No. 80002, 2002 Ohio App. LEXIS 1615 (Apr. 11, 2002).

"negate claims made by the State that the alleged victim was related to [Socha], a falsehood which was used to the detriment of [Socha]" in the criminal case. Although Socha acknowledged that appellees had sent "correspondence and billing documents" to his criminal defense attorney while his criminal case was pending, he claimed that they sent "none of the important documents."

{¶3} Socha alleged that he "renewed" his request for the return of the documents in May 2013, when his current counsel, Richard Swope, wrote to Attorney Weiss and requested copies of the documents Socha had previously requested. Socha alleged that following his receipt of the letter from Attorney Swope, Attorney Weiss "made a partial return" of the documents Socha had requested but failed to return others.[2] Socha also alleged that appellees "were to return a deed to burial plots that were to be filed of

---

[2] Specifically, Socha claims that appellees failed to return the following documents:

| | |
|---|---|
| 6. | 1992 (July) Dissolution of Marriage - Edward Hurr & Doris Butcher |
| * * * | |
| 9. | 1992 (August) Edward Edwards Driver's License Abstract |
| 10. | 1986 Rental Agreement between Doris Edwards and her landlord |
| 11. | Affidavit signed by Doris Hurr alleging a divorce in California |
| 12. | 1st agreement listing items I was to receive |
| 13. | 2nd agreement — January 1999 |
| 14. | Letter from veterinarian regarding date of examination of my horse on March 26, 1999 |
| 15. | Real estate documents, purchase of Parma home by Edward Hurr & Doris Hurr |
| 16. | Declaratory Petition |
| 17. | Court docket of estate of Lucy Socha |
| 18. | Copy of transfer of cemetery lots to Michael Socha. |

record" and that he "learned only after Defendants' response" in 2013 "that this was not done."

**{¶4}** In support of his allegations, Socha attached as exhibits to his complaint copies of: (1) unsigned letters he allegedly sent to Attorney Weiss and Attorney Eversman in May 2000, requesting affidavits for use in his petition for postconviction relief, (2) a June 13, 2000 (unsigned) letter from Socha to Attorney Weiss requesting various documents from the "Lucy Socha probate file," (3) a May 22, 2013 letter from Attorney Swope to Attorney Weiss requesting copies of the documents Socha requested in the June 13, 2000 letter, and (4) a July 23, 2013 letter from Attorney Swope to Attorney Eversman requesting documents and a videotape deposition Socha had referenced in his May 2000 letter to Attorney Eversman.

**{¶5}** Socha claimed that appellees' failure to "properly preserve Plaintiff's records and property, return said records and property, or notify him of their status upon multiple requests" was "below the practice standards of competency," violated Rules 1.15(a), (d) and (e), 1.3 and 1.4 of the Ohio Rules of Professional Conduct and constituted legal malpractice. Socha alleged that, as a result of appellees' malpractice, he: (1) never received copies of the "properly filed deed(s) to the Socha family grave sites"; (2) was prevented from presenting grounds for relief in his petition for postconviction relief, and (3) was forced to file suit in order to obtain "the remainder of his property and documents still retained by [appellees]." Socha sought to recover in excess of $25,000 in damages from appellees for their legal malpractice.

{¶6} Appellees filed an answer to the complaint in which they admitted that they had represented Socha in the probate matter and that the probate matter had settled "to the satisfaction of all." Attorney Weiss further admitted that, in December 2013, he responded to a request from Socha's counsel for documents and provided copies of certain documents found in the portion of the file relating to the probate matter that was then located. Appellees denied that any of the documents Socha had requested would have been relevant to his petition for postconviction relief, denied that they violated any ethical rules and denied that they committed legal malpractice. They raised the statute of limitations and failure to state a claim upon which relief could be granted as affirmative defenses. Appellees thereafter filed a motion for judgment on the pleadings, asserting that Socha's complaint was barred by the applicable statute of limitations. Socha opposed the motion.

{¶7} On January 24, 2017, the trial court granted appellees' motion for judgment on the pleadings and dismissed the case with prejudice, concluding that Socha's legal malpractice claim was time-barred and reasoning as follows:

> Plaintiff's complaint for legal malpractice alleges that he has suffered damages as a result of defendants' failure to timely return certain documents to him. Plaintiff's complaint alleges that in May or June of 2000, he requested that defendants return documents to him, and defendants failed to do so. * * * Even assuming arguendo that a claim for legal malpractice could be based on defendants' alleged failure to return documents after the underlying case was adjudicated, any such claim is time-barred by the one-year statute of limitations in ORC 2305.11(A). The claim accrued in 2000 — when plaintiff requested and failed to receive the documents — and plaintiff did not file his action until 2014. The fact that plaintiff renewed his request in 2013 does not change that his cause of

action accrued over a decade before that; his malpractice claim was clearly filed outside the statute of limitations.

**{¶8}** Socha appealed, raising the following assignment of error for review:

The trial court erred in sustaining defendants-appellees' motion for judgment on the pleadings since the facts pleaded, if accepted, establish the complaint was not time-barred.

**Law and Analysis**

**Standard of Review**

**{¶9}** Motions for judgment on the pleadings are governed by Civ.R. 12(C). Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In ruling on a Civ.R. 12(C) motion, the court is restricted to the allegations in the pleadings and any writings attached as exhibits to the pleadings. *Schmitt v. Educational Serv. Ctr.*, 8th Dist. Cuyahoga No. 97623, 2012-Ohio-2210, ¶ 9. "'Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.'" *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570, 664 N.E.2d 931 (1996). Judgment on the pleadings is appropriate where, after considering the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to the nonmoving party, the court finds that the moving party is entitled to judgment as a matter of law. *Id.*

**{¶10}** We review a trial court's decision to grant a motion for judgment on the pleadings de novo. *Id.* "If a statute of limitations defense is pleaded and the pleadings unequivocally demonstrate that the action was commenced after the limitations period expired, Civ.R. 12(C) relief is appropriate." *Mangelluzzi v. Morley*, 2015-Ohio-3143, 40 N.E.3d 588, ¶ 9 (8th Dist.), citing *Steinbrink v. Greenon Local School Dist.*, 2d Dist. Clark No. 11CA0050, 2012-Ohio-1438, ¶ 13; *see also Gides v. Marcus & Millichap*, 8th Dist. Cuyahoga No. 102595, 2015-Ohio-4383, ¶ 10 ("When a party raises a statute of limitations defense in its answer, the defense is available as grounds for a motion to dismiss brought pursuant to Civ.R. 12(C)."), citing *Zhelezny v. Olesh*, 10th Dist. Franklin No. 12AP-681, 2013-Ohio-4337, ¶ 14.

**Statute of Limitations for Legal Malpractice Claims**

**{¶11}** Under R.C. 2305.11(A), a legal malpractice claim must be commenced within one year after the cause of action accrued. A cause of action for legal malpractice accrues, and the statute of limitation begins to run, when (1) there is a cognizable event whereby the client discovers or should have discovered that his or her injury was related to the attorney's action or omission, putting the client on notice of a need to pursue any possible remedies against the attorney or (2) the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later. *Zimmie v. Calfee*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989); *Krzywicki v. Gay*, 8th Dist. Cuyahoga No. 105039, 2017-Ohio-5584, ¶ 14.

**{¶12}** In this case, Socha filed his original complaint on June 12, 2014. His malpractice claim is predicated on appellees' failure to return documents he allegedly requested 14 years earlier. Even assuming a claim for legal malpractice could be based on counsel's failure to return documents after the matter was resolved, we find no error by the trial court in determining that any such claim was barred by the applicable statute of limitations.

**Accrual Based on Cognizable Event**

**{¶13}** A "cognizable event" is an event that is "'sufficient to alert a reasonable person that his or her attorney may have committed an improper act and that further investigation is needed.'" *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 58, quoting *Trustees of Ohio Carpenters' Pension Fund v. U.S. Bank Natl. Assn.*, 189 Ohio App.3d 260, 2010-Ohio-911, 938 N.E.2d 61, ¶ 10 (8th Dist). The focus is on what the client is or should be aware of and how a reasonable person would react under the circumstances. "The 'cognizable event' puts the plaintiff on notice to investigate the facts and circumstances relevant to his or her claim in order to pursue remedies." *Asente v. Gargano*, 10th Dist. Franklin No. 04AP-278, 2004-Ohio-5069, ¶ 14, citing *Flowers v. Walker*, 63 Ohio St.3d 546, 549, 589 N.E.2d 1284 (1992). The plaintiff need not have discovered "all of the relevant facts necessary to file a claim" or know the "full extent of the injury" before there is a cognizable event sufficient to trigger the statute of limitations. *Zimmie* at 58; *Asente* at ¶ 14; *see also Krzywicki* at ¶ 17 ("An individual need not be fully aware of the extent of his

legal malpractice injuries; knowledge of a potential problem starts the statute to run, even when one does not know all the details."). "Rather, it is enough that some noteworthy event, the cognizable event, has occurred that does or should alert a reasonable person that a questionable legal practice may have occurred." *Asente* at ¶ 14.

{¶14} Socha contends that appellees had a duty to preserve the documents from the probate matter and that they breached this duty when they failed to return the documents to him. He contends that the first "cognizable event" of appellees' alleged malpractice was Attorney Weiss' "partial return" of documents, which occurred on or after June 14, 2013, less than a year before he filed his original complaint. We disagree.

{¶15} It is clear from the allegations of Socha's complaint that a "cognizable event" occurred in 2000 when Socha failed to receive the documents he had then requested from appellees. Although Socha argues that he was not "put on notice" that any documents still remained in appellees' possession until Attorney Weiss returned some of the documents in 2013, he alleged in his complaint that he first requested the documents in May or June 2000, when they were "required for use" in his "timely filed," pro se, petition for postconviction relief and that "many of the documents were unavailable in any other form." Accordingly, Socha first knew or should have known that he might have an injury caused by appellees in 2000 — when appellees failed to provide the documents he requested in time for him to use them in his pro se petition for postconviction relief — not in 2013 — when he "renewed" his request for the documents through counsel.

**{¶16}** Even if Socha was unaware that appellees still possessed some or all of the documents he requested, appellees' failure to provide the documents when Socha initially requested them in 2000 put him on notice of his need to investigate appellees' alleged failure to respond to his request. This is not a case in which appellees' alleged legal malpractice could not have been discovered until the client received and reviewed the requested documents. *Compare Monastra v. D'Amore*, 111 Ohio App.3d 296, 305-306, 676 N.E.2d 132 (8th Dist.1996) (finding genuine issues of material fact existed, precluding summary judgment on statute of limitations grounds, where evidence indicated that injuries caused by attorney's alleged malpractice could not have reasonably been discovered by client until her legal file was turned over to new counsel). The mere fact that appellees may have continued to possess portions of the legal file relating to the settled probate matter does not mean that the statute of limitations was tolled on Socha's malpractice claim until appellees returned the documents to Socha. *See Chernett Wasserman Yarger, L.L.C. v. ComScape Holding, Inc.*, 8th Dist. Cuyahoga No. 100907, 2014-Ohio-4214, ¶ 40-44 (rejecting argument that attorney's alleged legal malpractice continued and that the statute of limitations on legal malpractice claim did not begin to run until attorney returned client's legal file).

**{¶17}** To the extent that appellees had some obligation to "deal with the grave plots" as part of their representation of Socha, which they failed to do, it is clear, based on the allegations of the complaint, that Socha was "on notice" of this in 2000 as well. Socha alleges that appellees "were to return a deed to burial plots which were to be

properly filed of record." "Copy of transfer of cemetery lots to Michael Socha" was one of the documents Socha specifically requested in his June 13, 2000 letter to Attorney Weiss that he alleged he never received.

**Accrual Based on Date of Termination of Attorney-Client Relationship**

{¶18} Socha also asserts that his legal malpractice claim was not time-barred because so long as appellees did not return the records he had requested, "deal with the grave plots" or provide formal notice of the termination of their attorney-client relationship, their attorney-client relationship continued indefinitely. He further contends that the date of the termination of his attorney-client relationship with appellees is a factual issue that could only be determined by a trier of fact. Once again, we disagree.

{¶19} As this court previously explained in *Accelerated Sys. Integration, Inc. v. Ritzler, Coughlin & Swansinger, Ltd.*, 8th Dist. Cuyahoga No. 97481, 2012-Ohio-3803:

> Generally, the determination of whether an attorney-client relationship has ended is a factual question to be resolved by the trier of fact. *Mobberly v. Hendricks*, 98 Ohio App.3d 839, 843, 649 N.E.2d 1247 (9th Dist.1994). As recognized by the Ohio Supreme Court, "the question of when an attorney-client relationship for a particular undertaking or transaction has terminated is necessarily one of fact." *Omni-Food & Fashion*, 38 Ohio St.3d at 388[, 528 N.E.2d 941]. But one party or the other may undertake affirmative actions that are so inconsistent with a continued relationship that the question of when an attorney-client relationship has ended may be taken away from the trier of fact, and decided as a matter of law. *Steindler v. Meyers, Lamanna & Roman*, 8th Dist. Cuyahoga No. 86852, 2006-Ohio-4097, ¶ 11. Also, "where reasonable minds can come but to one conclusion from the evidence to determine when the attorney-client relationship ends, the termination may be decided as a matter of law." *McGlothin v. Schad*, 194 Ohio App.3d 669, 2011-Ohio-3011, 957 N.E.2d

810 (12th Dist.), citing *Trombley v. Calamunci, Joelson, Manore, Farah & Silvers, LLP*, 6th Dist. Lucas No. L-04-1138, 2005-Ohio- 2105, ¶ 43.

*Id.* at ¶ 43.

**{¶20}** The "particular transaction or undertaking" at issue was appellees' representation of Socha in the probate matter. In his complaint, Socha alleged that he "employed" appellees "[i]n or about 1995-1999" to "represent him in a claim involving a probate matter regarding the estate of Lucy Socha." He further alleged that "[p]laintiff's claim was settled to the satisfaction of all parties without having to proceed to trial." Although the complaint does not specifically allege when the probate matter was settled, from the allegations of the complaint as a whole (as well as the documents attached as exhibits to the complaint), it is clear that the probate matter was settled prior to Socha's request for the documents in May or June 2000. There is no allegation that appellees continued to do any work for Socha or to provide Socha any legal counsel relating to the probate matter at any time after the probate matter settled — much less as of June 2013, a year before Socha filed his original complaint. Accepting the allegations of the complaint as true and viewing the facts alleged in the light most favorable to Socha, the only reasonable conclusion that could be drawn from those facts is that the attorney-client relationship between Socha and appellees ended many years before Socha filed his original complaint in 2014.

**{¶21}** Construing the material allegations of the pleadings and all reasonable inferences to be drawn therefrom in a light most favorable to Socha, we find that Socha's legal malpractice claim was time-barred under R.C. 2305.11(A). Accordingly,

the trial court did not err in granting appellees' motion for judgment on the pleadings and dismissing Socha's complaint with prejudice. Socha's assignment of error is overruled.

**{¶22}** Judgment affirmed.

**{¶23}** It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MELODY J. STEWART, J., AND
ANITA LASTER MAYS, J., CONCUR