[Cite as *Kinasz v. Dickson*, 2018-Ohio-1754.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106068

## MARY KINASZ

PLAINTIFF-APPELLANT

vs.

## BLAKE DICKSON, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-875393

**BEFORE:** Celebrezze, J., Kilbane, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 3, 2018

**FOR APPELLANT**

Mary Kinasz, pro se
2502 West 7th Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Blake A. Dickson
The Dickson Firm, L.L.C.
Enterprise Place, Suite 420
3401 Enterprise Parkway
Cleveland, Ohio 44122

FRANK D. CELEBREZZE, JR., J.:

{¶1}   Plaintiff-appellant, Mary Kinasz, individually and as the executor of the estate of Justyna Kinasz ("appellant"), brings this appeal challenging the trial court's order granting summary judgment in favor of defendants-appellees, Blake Dickson, et al. ("Dickson"), regarding appellant's claim for legal malpractice.   Specifically, appellant argues that genuine issues of material fact existed that precluded the granting of summary judgment.   After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} The instant matter arose from a dispute between appellant and Dickson regarding Dickson's representation in Cuyahoga C.P. No. CV-11-766580, a nursing home negligence case.  The negligence case settled in January 2013.

{¶3} In Cuyahoga C.P. No. CV-15-850029, appellant filed a complaint for legal malpractice against Dickson on August 20, 2015.   On February 4, 2016, appellant filed a notice

of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).  The trial court dismissed the case without prejudice on February 5, 2016.

**{¶4}** Appellant refiled her legal malpractice claim against Dickson on February 3, 2017. Appellant requested $25,000 in compensatory damages, punitive damages, attorney fees, and costs.

**{¶5}** On April 7, 2017, Dickson filed a motion for summary judgment, arguing that appellant's claim was barred by the one-year statute of limitations and that she failed to establish damages.  Appellant filed a brief in opposition to Dickson's summary judgment motion on June 7, 2017.

**{¶6}** On July 10, 2017, the trial court granted Dickson's motion for summary judgment. The trial court's judgment entry provides, in relevant part, "construing all facts in favor of [appellant] and finding no genuine issue of material fact remains, the court hereby grants [Dickson's] motion for summary judgment."

**{¶7}** It is from this judgment that appellant filed the instant appeal on July 28, 2017. She assigns one error for review:

> I. The trial court erred in granting [Dickson's] motion for summary judgment finding that there are no genuine issues of material fact.

## II. Law and Analysis

### A. Standard of Review

**{¶8}** Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial.  In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the

evidence that reasonable minds can come to but one conclusion when viewing evidence in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

**{¶9}** The moving party has the initial responsibility of establishing that it is entitled to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

**{¶10}** Once a moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the nonmoving party has a duty to come forth with argument and evidence demonstrating a material issue of fact does exist that would preclude judgment as a matter of law. *Dresher* at *id*. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id*.

**{¶11}** As noted above, Dickson argued in his summary judgment motion that appellant's legal malpractice claim was barred by the applicable one-year statute of limitations and that appellant failed to establish damages. The trial court granted Dickson's motion for summary judgment, concluding that there was no genuine issue as to any material fact. The trial court did not, however, specify whether its determination was based on the statute of limitations, the issue of damages, or both.

### B. Statute of Limitations

**{¶12}** Appellant filed her original complaint on August 20, 2015. She refiled her complaint in the instant matter on February 3, 2017.

> The statute of limitations for a legal malpractice claim is one year after the cause of action accrued. R.C. 2305.11(A). The cause of action accrues when there is a cognizable event by which the plaintiff discovers or should have discovered the injury giving rise to a claim and is put on notice of a need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction terminates, whichever occurs later. *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 538 N.E.2d 398 (1989), syllabus.

*Fourtounis v. Verginis*, 8th Dist. Cuyahoga No. 105349, 2017-Ohio-8577, ¶ 16.

**{¶13}** In his motion for summary judgment, Dickson argued that appellant's legal malpractice claim was time-barred because (1) a "cognizable event" occurred more than one year before her original complaint was filed, and (2) Dickson filed a motion to withdraw as counsel and appellant retained new counsel more than one year before she filed her original complaint.

**{¶14}** In her brief in opposition, appellant argued that the statute of limitations should have been extended because (1) Dickson filed a motion to withdraw as appellant's counsel on March 31, 2014, which the trial court granted on September 9, 2014; (2) on December 5, 2014, she discovered that Dickson continued working on the nursing home negligence case after she fired him on March 21, 2014, and that Dickson defrauded the estate out of $55,000; and (3) in August and September 2014, she learned that Dickson manipulated the nursing home negligence lawsuit and altered the outcome of the case. Appellant further asserted that she did not discover the information in the trial court's September 9, 2014 judgment entry in CV-11-766580 until May 2017. The trial court's judgment entry, addressing Dickson's motions to intervene and to withdraw as appellant's counsel, provides, in relevant part:

> The stipulation for dismissal and judgment entry, filed on 1/11/2013, in the instant
>
> action states that "the attorneys for the respective parties, do hereby stipulate the

within case has been settled, to be dismissed with prejudice at defendant's cost, at a sum approved by both parties'." The stipulation for dismissal was an unconditional dismissal[.] It did not state that this court shall retain jurisdiction over any and all post dismissal settlement issues and dispute. The stipulation for dismissal dated January 11, 2013, dismisses the case with prejudice, without any further filings as to the dismissal or settlement agreement in the instant action. Therefore, this court does not have jurisdiction to entertain [Dickson's] motion to intervene in order to assert claim for unpaid attorney's fees and costs.

Finally, appellant suggested that after she fired Dickson, he purposefully withheld her case files and was uncooperative, aggressive, verbally abusive, and disrespectful towards her to ensure that the statute of limitations expired.

{¶15} After reviewing the record, we find that appellant's legal malpractice claim falls outside the one-year statute of limitations under both the "cognizable event" test and the termination of the attorney-client relationship test.

### 1. Cognizable Event

{¶16} In his motion for summary judgment, Dickson argued that appellant's legal malpractice claim was time-barred because a "cognizable event" occurred on January 11, 2013, when appellant was dissatisfied with Dickson's representation and the settlement he obtained.

A "cognizable event" is an event that is "'sufficient to alert a reasonable person that his or her attorney may have committed an improper act and that further investigation is needed.'" *Dottore v. Vorys, Sater, Seymour & Pease, L.L.P.*, 8th Dist. Cuyahoga No. 98861, 2014-Ohio-25, ¶ 58, quoting *Trustees of Ohio Carpenters' Pension Fund v. U.S. Bank Natl. Assn.*, 189 Ohio App.3d 260,

2010-Ohio-911, 938 N.E.2d 61 (8th Dist). The focus is on what the client is or should be aware of and how a reasonable person would react under the circumstances. "The 'cognizable event' puts the plaintiff on notice to investigate the facts and circumstances relevant to his or her claim in order to pursue remedies." *Asente v. Gargano*, 10th Dist. Franklin No. 04AP-278, 2004-Ohio-5069, ¶ 14, citing *Flowers v. Walker*, 63 Ohio St.3d 546, 549, 589 N.E.2d 1284 (1992). The plaintiff need not have discovered "all of the relevant facts necessary to file a claim" or know the "full extent of the injury" before there is a cognizable event sufficient to trigger the statute of limitations. [*Zimmie,* 43 Ohio St.3d at 58, 538 N.E.2d 398]; *Asente* at ¶ 14; *see also* [*Krzywicki v. Gay*, 8th Dist. 8th Dist. Cuyahoga No. 105039, 2017-Ohio-5584, ¶ 17] ("An individual need not be fully aware of the extent of his legal malpractice injuries; knowledge of a potential problem starts the statute to run, even when one does not know all the details."). "Rather, it is enough that some noteworthy event, the cognizable event, has occurred that does or should alert a reasonable person that a questionable legal practice may have occurred." *Asente* at ¶ 14.

*Socha v. Weiss*, 8th Dist. Cuyahoga No. 105468, 2017-Ohio-7610, ¶ 13.

{¶17} In her complaint for legal malpractice, appellant raises the following allegations against Dickson: (1) Dickson repeatedly withheld material information from her that obstructed her ability to participate in the case; (2) Dickson refused to provide her with records belonging to her mother in February 2014; (3) Dickson conducted himself in a manner that gave appellant the impression that he would only complete tasks that he wanted to complete, rather than tasks that appellant wanted him to complete; (4) Dickson yelled at appellant and directed profanities at her

in order to intimidate her, impede her participation in the case, reduce his own workload, and obtain a settlement that was favorable to him, rather than appellant; (5) Dickson failed to follow appellant's explicit instructions regarding settlement on January 10, 2013; (6) Dickson dismissed the case with prejudice without appellant's knowledge or approval; (7) Dickson failed to inform appellant about material events related to the settlement; (8) Dickson failed to memorialize the settlement agreement in a timely fashion; (9) Dickson deliberately delayed settlement to obtain a settlement that was favorable to him; and (10) Dickson's conduct during the representation and in settlement negotiations fell below the ordinary standard of care.

{¶18} The allegations in appellant's complaint clearly indicate that a "cognizable event" alerting appellant of a potential problem or that Dickson committed an improper act in his representation occurred as early as January 10, 2013, when the nursing home negligence case was settled. In her complaint, appellant explains that on or about January 10, 2013, when Dickson presented a settlement document to her,

> errors were discovered in the document few minutes after signing. Among other things, the document was discovered to contain erroneous dates that extended settlement payments deep into the future, and which Dickson knew would materially impact [appellant's] willingness to enter into the settlement. Dickson showed little regard for [appellant's] concerns[.]

Complaint at ¶ 12. This assertion demonstrates that appellant knew, or should have known, that a questionable legal practice may have occurred in January 2013.

{¶19} In her complaint, appellant goes on to allege that she did not know the "full extent" of Dickson's improper conduct until December 2014 when he turned over her case files to appellant's new counsel. Complaint at ¶ 15. As noted above, there is no requirement that a plaintiff know all of the relevant facts or the full extent of his or her injury in order for there to be a cognizable event triggering the statute of limitations. *Socha*, 8th Dist. Cuyahoga No. 105468,

2017-Ohio-7610, at ¶ 13, citing *Zimmie*, 43 Ohio St.3d at 58, 538 N.E.2d 398. In this case, even if appellant did not know all of the relevant facts or the full extent of her injuries until she received her case files from Dickson, the allegations in her complaint clearly demonstrate that she was "on notice" of Dickson's allegedly questionable legal practices in January 2013. *See Chernett Wasserman Yarger, L.L.C. v. ComScape Holding, Inc.*, 8th Dist. Cuyahoga No. 100907, 2014-Ohio-4214, ¶ 40-44 (rejecting argument that attorney's alleged legal malpractice continued and that the statute of limitations on the legal malpractice claim did not begin to run until attorney returned client's legal file). Accordingly, appellant's subsequent discoveries did not toll the statute of limitations.

{¶20} The evidence that Dickson submitted in support of his motion for summary judgment supported his argument that a "cognizable event" occurred, putting appellant on notice, more than one year before she filed her original complaint in August 2015. First, Dickson submitted a copy of a November 5, 2013 letter in which appellant requested that he provide various information and documentation to her, and asserted that she would "notify the Bar Association" if Dickson failed to provide the information requested. Second, Dickson submitted a copy of the grievance that appellant filed against him with the Cleveland Metropolitan Bar Association on March 12, 2014. Third, Dickson submitted a copy of a June 2, 2014 letter that appellant's new counsel wrote to the Cleveland Metropolitan Bar Association. In this letter, appellant's new attorney asserted that appellant retained him on March 27, 2014, and that appellant "came to [him] stating that [Dickson] had not yet obtained the settlement funds and refused to discuss the status of the [M]edicare lien with her." Counsel further stated that Dickson failed to provide appellant with information about the Medicare lien, Dickson's fees, and the litigation expenses that appellant advanced to Dickson. These documents demonstrate

that a "cognizable event" alerted, or should have alerted appellant, that a questionable legal practice may have occurred more than one-year before appellant filed her original complaint in August 2015.

**{¶21}** Based on the foregoing analysis, we find that appellant filed her original legal malpractice complaint more than one year after a "cognizable event" occurred.

## 2. Termination of the Attorney-Client Relationship

**{¶22}** Dickson went on to argue in his summary judgment motion that appellant's legal malpractice complaint was time-barred because he moved to withdraw as counsel and appellant retained new counsel more than one year before she filed the original complaint in August 2015.

> Generally, the determination of whether an attorney-client relationship has ended is a factual question to be resolved by the trier of fact. *Mobberly v. Hendricks*, 98 Ohio App.3d 839, 843, 649 N.E.2d 1247 (9th Dist.1994). As recognized by the Ohio Supreme Court, "the question of when an attorney-client relationship for a particular undertaking or transaction has terminated is necessarily one of fact." [*Omni-Food & Fashion v. Smith*, 38 Ohio St.3d 385, 388, 528 N.E.2d 941 (1988).] But one party or the other may undertake affirmative actions that are so inconsistent with a continued relationship that the question of when an attorney-client relationship has ended may be taken away from the trier of fact, and decided as a matter of law. *Steindler v. Meyers, Lamanna & Roman*, 8th Dist. Cuyahoga No. 86852, 2006-Ohio-4097, ¶ 11. Also, "where reasonable minds can come but to one conclusion from the evidence to determine when the attorney-client relationship ends, the termination may be decided as a matter of law." *McGlothin v. Schad*, 194 Ohio App.3d 669, 2011-Ohio-3011, 957 N.E.2d 810 (12th Dist.), citing *Trombley v. Calamunci, Joelson, Manore, Farah & Silvers, L.L.P.*, 6th Dist. Lucas No. L-04-1138, 2005-Ohio-2105, ¶ 43.

*Accelerated Sys. Integration, Inc. v. Ritzler, Coughlin & Swansinger, Ltd.*, 8th Dist. Cuyahoga No. 97481, 2012-Ohio-3803, ¶ 43.

**{¶23}** "Generally, the attorney-client relationship is consensual, subject to termination by acts of either party." *Columbus Credit Co. v. Evans*, 82 Ohio App.3d 798, 804, 613 N.E.2d 671 (10th Dist.1992). "A client may terminate the relationship at any time." *Id*. In order to

determine the date of the termination of the attorney-client relationship, the parties' actions must be considered. *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, ¶ 9.

{¶24} In the instant matter, appellant's complaint alleged that Dickson began representing her "not later than July 16, 2012[.]" Complaint at ¶ 8. In her brief in opposition to Dickson's summary judgment motion, appellant asserted that she fired Dickson on March 21, 2014.

{¶25} In support of his motion for summary judgment, Dickson submitted a letter that appellant wrote to him on March 21, 2014. Therein, appellant stated, "You and your Associates are terminated from representing the Estate of Justyna Kinasz and Myself, regarding the Settlement of the Harborside Case and any Probate matters." After receiving this letter, Dickson filed a motion to withdraw as counsel on March 31, 2014.

{¶26} We find that this constitutes clear, unequivocal evidence of appellant's termination of the attorney-client relationship. The language of appellant's March 21, 2014 letter was patently inconsistent with a continued attorney-client relationship between appellant and Dickson. Accordingly, the question of when the attorney-client relationship between appellant and Dickson was terminated was properly decided as a matter of law. *See Steindler*, 8th Dist. Cuyahoga No. 86852, 2006-Ohio-4097, at ¶ 11, 15.

{¶27} Finally, we note that appellant asserted in her brief in opposition that on December 5, 2014, she discovered that Dickson had continued working on the nursing home negligence case after she fired him on March 21, 2014. She did not, however, allege that Dickson continued to do any work *for* her, or that he provided any legal counsel to her relating to the nursing home negligence case at any time after the case was settled in January 2013 or after she fired Dickson.

**{¶28}** Based on the foregoing analysis, we find that appellant filed her original legal malpractice complaint more than one year after the attorney-client relationship terminated. Accordingly, appellant's sole assignment of error is overruled.

**{¶29}** Based on our determination that appellant's claim was barred by the one-year statute of limitations, we need not consider, as an alternative basis for granting summary judgment in favor of Dickson, whether appellant failed to establish damages proximately caused by Dickson's alleged breach of his professional duty arising from the attorney-client relationship.

### III. Conclusion

**{¶30}** Viewing the evidence in a light most favorable to appellant, as we must, we find that appellant failed to demonstrate the existence of a genuine issue of material fact in order to defeat Dickson's motion for summary judgment, and that reasonable minds can only conclude that appellant's legal malpractice claim was time-barred under both the "cognizable event" and the termination of the attorney-client relationship tests. Accordingly, the trial court properly granted summary judgment in favor of Dickson.

**{¶31}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
LARRY A. JONES, SR., J., CONCUR