[Cite as *Francis v. Northeast Ohio Neighborhood Health Serv.*, 2021-Ohio-3928.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SUSAN FRANCIS,                                    :

      Plaintiff-Appellant,           :

                          No. 110322

      v.                                           :

NORTHEAST OHIO NEIGHBORHOOD :
HEALTH SERVICES, INC.,

      Defendant-Appellee.            :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; REVERSED IN PART;
                REMANDED
**RELEASED AND JOURNALIZED:**  November 4, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-940631

---

### *Appearances:*

Voudris Law, L.L.C., Stephan I. Voudris, and Brad Levine,
*for appellant.*

Jazmine Greer, *for appellee.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1}  Plaintiff-appellant, Susan Francis, appeals the trial court's decision dismissing her complaint against her former employer, Northeast Ohio Neighborhood Health Services, Inc. ("NEON"), pursuant to Civ.R. 12(C).  For the

reasons that follow, we affirm in part, reverse in part, and remand the matter to the trial court for further proceedings consistent with this opinion.

## I.    Complaint Allegations

{¶ 2}    NEON operates health care facilities in Northeast Ohio and employed Francis as a therapist from April 22, 2019 until June 10, 2020.  (Complt. ¶ 4.) Francis alleged that she was disabled, suffering from Type 1 diabetes, neuropathy in her legs, and coronary artery disease.  (Complt. ¶ 5.)  She alleged that her disability substantially limited one or more of her major life activities, that NEON was aware of her disability, and regarded her as having disabilities.  (Complt. ¶ 6-9.)

{¶ 3}    Francis alleged that over a period of three months in 2019, she took three days off from work to seek medical care for her diabetes and communicated this to Dr. Erika Staneff (hereinafter, "Dr. Staneff").  (Complt. ¶ 10.)  Francis pleaded that in November 2019, she had a stroke and subsequently wore an eyepatch while in plain sight of Dr. Staneff.  (Complt. ¶ 11.)

{¶ 4}    In March 2020, COVID-19 became a serious global pandemic that threatened the health and safety of Ohio residents.  (Complt. ¶ 15.)  On March 9, 2020, Governor Mike DeWine declared a state of emergency in response to the rapid spread of COVID-19 in Ohio.  (Complt. ¶ 16.)  Francis alleged that during the third week of March 2020, she had multiple conversations with Dr. Staneff about reasonably accommodating her disability by permitting her to work remotely from home and meet with clients via video conference.  (Complt. ¶ 24.)  According to Francis, Dr. Staneff denied her request.  She alleged that during these conversations,

she "complained" to Dr. Staneff about what she reasonably believed was an imminent threat to the health and safety of NEON's clients and employees by not requiring them to wear face masks and not permitting her to work remotely. (Complt. ¶ 25.) According to Francis, she believed Dr. Staneff, as the Director of Behavioral Health, had the authority to "correct" NEON's "problems" of not requiring clients and employees to wear face masks and not allowing therapists to work remotely. (Complt. ¶ 26.) Francis alleged that NEON did not correct the problems regarding face masks and remote working, or make a good faith effort to correct the problems within 24 hours of her oral notification. (Complt. ¶ 27.)

{¶ 5} On or about March 24, 2020, Francis was hospitalized due to her diabetes, and during her hospitalization she made an oral request to Dr. Staneff to work remotely as a reasonable accommodation. (Complt. ¶ 29.) Allegedly, Dr. Staneff told Francis that Perry Murdock, NEON's Director of Human Resources, was not allowing any employees to work remotely. (Complt. ¶ 29-30.) While still hospitalized, Francis called Mr. Murdock and requested to work remotely as a reasonable accommodation for her disabilities. (Complt. ¶ 31.) According to Francis, Mr. Murdock denied her request because NEON was not allowing any employees to work remotely at the time. (Complt. ¶ 31.) Francis never returned to work at NEON's facilities after March 24, 2020. (Complt. ¶ 32.)

{¶ 6} On April 4, 2020, Governor DeWine signed Executive Order 2020-09D, authorizing the immediate amendment of Ohio Adm.Code 4757-5-13. (Complt. ¶ 17-18.) On or about the same date, pursuant to the Executive Order, the

Ohio Counselor, Social Worker, Marriage & Family Therapist Board filed Emergency Ohio Adm.Code 4757-5-13. (Complt. ¶ 19.) Emergency Rule 4757-5-13 waived any requirement for counselors to hold face-to-face meetings with clients prior to rendering services and allowed for verbal consent when written consent could not be obtained. (Complt. ¶ 20.)

{¶ 7} On April 16, 2020, and May 11, 2020, Francis emailed and mailed doctor's notes to Dr. Staneff and Mr. Murdock that stated she had "cardiac problems." (Complt. ¶ 33.) On May 12, 2020, Francis emailed Dr. Staneff and Mr. Murdock, stating she "would love the opportunity to work from home." (Complt. ¶ 34.) Francis emailed Dr. Staneff and Mr. Murdock a "written report" stating that: "the two sites I work at have the highest COVID cases now in Cuyahoga County. You can find this information online — along with the explanation of the Governor's 3-Phase Plan for Ohio." (Complt. ¶ 35.) According to Francis, her report provided Dr. Staneff and Mr. Murdock with "sufficient detail to identify COVID-19 as an imminent threat to the health and safety of [NEON]'s clients and employees." (*Id.*) On June 10, 2020, NEON terminated Francis. (Complt. ¶ 39.)

## II. Procedural Posture

{¶ 8} On November 25, 2020, Francis filed a complaint against NEON, asserting causes of action for (1) retaliation in violation of the Ohio Whistleblower Act; (2) wrongful discharge; (3) disability discrimination/hostile work environment; (4) negligent training, retention, and supervision; and (5) failure to produce requested records.

{¶ 9} In January 2021, NEON moved for judgment on the pleadings, contending that pursuant to Civ.R.12(C), Francis's complaint failed to state a cause of action under any set of plausible facts. The trial court summarily granted NEON's motion and dismissed Francis's complaint.

{¶ 10} Francis now appeals, raising as her sole assignment of error that the trial court erred in dismissing her complaint on a motion for judgment on the pleadings. We note, however, that Francis only challenges the trial court's dismissal of Count 3 (disability discrimination/hostile work environment); Count 4 (negligent training, retention, and supervision); and Count 5 (failure to produce requested records). Accordingly, we will address only those causes of action in this appeal.

## III. Standard of Review

{¶ 11} A trial court's decision to grant a dismissal under Civ.R. 12(C) is reviewed de novo. *State ex rel. Mancino v. Tuscarawas Cty. Court of Common Pleas*, 151 Ohio St.3d 35, 2017-Ohio-7528, 85 N.E.3d 713, ¶ 8, citing *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12. A Civ.R. 12(C) motion for judgment on the pleadings presents only questions of law, and a determination of the motion is restricted solely to the allegations in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). Dismissal of a complaint is appropriate under Civ.R. 12(C) when, after construing all material allegations in the pleadings, along with all reasonable inferences drawn therefrom in favor of the plaintiff, the court finds that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff

to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996); *Socha v. Weiss*, 2017-Ohio-7610, 97 N.E.3d 818, ¶ 9 (8th Dist.).

{¶ 12} Civ.R. 8(A), governing the general rules of pleadings and claims for relief, provides that a complaint is only required to contain "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." *See also Tennant v. Huntington Natl. Bank*, 8th Dist. Cuyahoga No. 108993, 2020-Ohio-4063, ¶ 15, "[A] plaintiff is not required to prove his or her case at the pleading stage. * * * [A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). Even under Ohio's liberal pleading rules and notice-pleading standard, however, a cause of action must be factually supported and courts need not accept bare assertions of legal conclusions. *Tuleta v. Med. Mut. of Ohio*, 2014-Ohio-396, 6 N.E.3d 106, ¶ 28 (8th Dist.). "[B]are legal conclusions are not considered admitted and are not sufficient to withstand a motion to dismiss." *Harper v. Weltman, Weinberg & Reis Co., L.P.A.*, 8th Dist. Cuyahoga No. 107439, 2019-Ohio-3093, ¶ 33.

## IV. Analysis

### A. Disability Discrimination/Hostile Work Environment

{¶ 13} In Count 3 of her complaint, Francis asserts a cause of action for disability discrimination and hostile work environment.

**{¶ 14}** R.C. 4112.02(A) states:

It shall be an unlawful discriminatory practice:

(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

**{¶ 15}** A "disability" is defined in R.C. 4112.01(A)(13) as "a physical or mental impairment that substantially limits one or more major life activities, including the functions of caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working; a record of a physical or mental impairment; or being regarded as having a physical or mental impairment."

**{¶ 16}** To establish a prima facie case of disability discrimination, a plaintiff must show that: (1) she is disabled; (2) an adverse employment action was taken by an employer, at least in part, because the individual was disabled, and (3) the person, though disabled, can safely and substantially perform the essential functions of the job in question, with or without a reasonable accommodation. *Field v. MedLab Ohio, Inc.*, 8th Dist. Cuyahoga No. 97990, 2012-Ohio-5068, ¶ 7.

**{¶ 17}** On appeal, NEON contends that Francis is not disabled and fails "to prove that she was qualified for the position of counselor with NEON with or without a reasonable accommodation." NEON's arguments fail. First, Francis is not required to *prove* her claims at this stage of the proceedings. Rather, the test is whether the face of her complaint states a claim for relief. Second, NEON raises

arguments for the first time on appeal that were not raised in its Civ.R. 12(C) motion. In fact, NEON made no argument as to how or why Francis's complaint fails to state a claim for disability discrimination/hostile work environment. It is well settled that a party cannot raise new arguments and legal issues for the first time on appeal, and the failure to raise an issue before the trial court waives that issue for appellate purposes. *See, e.g., Glendell-Grant v. Grant*, 8th Dist. Cuyahoga No. 105895, 2018-Ohio-1094, ¶ 11.

{¶ 18} Nevertheless, in our de novo review, and after accepting the factual allegations as true and making all reasonable inferences in favor of Francis, we find that her complaint states a claim upon which relief can be granted. Francis alleged with sufficient facts that she is disabled pursuant to the definition of "disability" in R.C. 4112.01. (Complt. ¶ 5-9, 66.) She further pleaded that she was qualified for her job as a therapist and could perform that job with a reasonable accommodation. (Complt. ¶ 12, 23.) Finally, she alleged that she was discharged solely because of her disability. (Complt. ¶ 70.) These allegations are sufficient to survive a Civ.R. 12(C) motion for judgment on the pleadings. Accordingly, the trial court erred in granting dismissal of Francis's claim for disability discrimination.

{¶ 19} Count 3 also raises a cause of action for hostile work environment. Although Francis combines disability discrimination and hostile work environment under the same count, the causes of action are distinctively different. *Toland v. Dept. of Mental Health & Addiction Servs.*, Ct. of Cl. No. 2018-01352JD, 2020-Ohio-3864, ¶ 22, citing *Schramm v. Slater*, 105 Fed.Appx. 34, 40 (6th Cir.2004);

*Sessin v. Thistledown Racetrack, LLC*, 187 F.Supp.3d 869, 878 (N.D.Ohio 2016) (disability discrimination and hostile work environment claims are distinct).

{¶ 20} To establish a hostile work environment claim based on disability, a plaintiff must show that (1) she was disabled; (2) she was subjected to unwanted harassment; (3) the harassment was based on her disability; (4) the harassment unreasonably interfered with her work performance, and (5) the defendant either knew or should have known about the harassment and failed to take corrective measures. *Sessin* at 877.

{¶ 21} In this case, Francis pleaded that she is disabled, and summarily asserted that she was subjected to a hostile work environment. (Complt. ¶ 69.) However, her complaint fails to allege facts to support the other prima facie elements for a hostile work environment claim — specifically that the harassment was based on her disability, that the harassment unreasonably interfered with her work performance, and that NEON knew or should have known about the harassment and failed to take corrective measures.

{¶ 22} Accordingly, the trial court did not err in granting NEON's Civ.R. 12(C) motion for judgment on the pleadings on her claim for hostile work environment.

**B. Negligent Training, Retention, and Supervision**

{¶ 23} In Count 4, Francis asserts a cause of action for "negligent training, retention, and supervision" of Dr. Staneff and Mr. Murdock. She generally asserts that NEON "had a duty to use due care in training, retaining, and supervising" the

employees; "breached its duty to use due care in training, retaining, and supervising" the employees; she "has been damaged by [NEON's] failure to use due care; and NEON's "conduct is the cause of [her] damages." (Complt. ¶ 75-78.) Francis's bare legal assertions are insufficient to plead an actionable claim for negligent training, retention, and supervision.

> "'To prove a claim of negligent hiring and retention, a plaintiff must show (1) [t]he existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries.'"

*Evans v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. 28340, 2018-Ohio-3031, ¶ 26,[1] quoting *Jones v. MTD Consumer Group, Inc.*, 2015-Ohio-1878, 32 N.E.3d 1030, ¶ 44 (9th Dist.), quoting *Zanni v. Stelzer*, 174 Ohio App. 3d 84, 2007-Ohio-6215, 880 N.E.2d 967, ¶ 8 (9th Dist.); *see also Sosic v. Stephen Hovancsek & Assocs., Inc.*, 8th Dist. Cuyahoga No. 109993, 2021-Ohio-2592, ¶ 26. "'The elements of a negligent supervision claim are the same as those for negligent hiring or retention.'" *Browning v. Ohio State Highway Patrol*, 151 Ohio App.3d 798, 2003-Ohio-1108, 786 N.E.2d 94, ¶ 67 (10th Dist.).

{¶ 24} In this case, after accepting the factual allegations in Francis's complaint as true and making all reasonable inferences in her favor, we find that the

---

[1] On appeal to the Ohio Supreme Court, the court declined to the adopt this test for the purpose of answering the certified questions on appeal. *Evans v. Akron Gen. Med. Ctr.*, 163 Ohio St.3d 284, 2020-Ohio-5535, 170 N.E.3d 1, ¶ 5. The court affirmed the Ninth District's decision by answering the questions based on the appellate court's application and analysis of the test. *Id.* at ¶ 5, 15.

complaint fails to plead an actionable claim for negligent training, retention, and supervision. Francis makes no allegation in her complaint that NEON had any actual or constructive knowledge that Dr. Staneff or Mr. Murdock were not requiring clients or employees to wear face masks in March 2020 and that they did not provide her the requested accommodation of working from home due to COVID-19 and because of her disability. Although Civ.R. 8(A)(1) only requires notice pleading, the complaint must still allege sufficient underlying facts that relate to and support the alleged claim, and may not simply state legal conclusions. *See DeVore v. Mut. of Omaha Ins. Co.,* 32 Ohio App.2d 36, 38, 288 N.E.2d 202 (9th Dist.1972).

{¶ 25} Accordingly, the trial court did not err in dismissing Count 4 of Francis's complaint.

### C. Failure to Produce Requested Records

{¶ 26} Francis asserts as her fifth cause of action "failure to produce requested records" in accordance with R.C. 4111.14. She contends that NEON failed to provide her with the requisite wage and hour records pertaining to her employment with NEON after a person, acting on her behalf, sent the appropriate request pursuant to Ohio law.

{¶ 27} R.C. 4111.14(F) and (G) and Article 2, Section 34a of the Ohio Constitution require employers to keep wage and hour records and furnish them, without charge, to an employee within 30 business days of the request, unless the parties agree to a different timeframe or the deadline would cause a hardship to the employer. If an employee is forced to file suit to obtain the requested records, the

employer must pay reasonable attorney fees and costs. R.C. 4111.14(K); Ohio Const., Art. II, Section 34a ("An action for equitable and monetary relief may be brought against an employer * * * for any violation of this section * * *. Where an employer is found by the * * * court to have violated any provision of this section, the employer shall * * * pay * * * reasonable attorney's fees.")

{¶ 28} NEON contends that Francis's claim must fail because she has not established any harm or injury as required by the definition of "complaint" in R.C. 4111.14(H). NEON's reliance on this section is misplaced. Section (H) only pertains to complaints filed with the "state for a violation" of the applicable section of the Ohio Constitution. Francis, however, brings her action under R.C. 4111.14(K), which does not include the same definitional requirement of "complaint," but rather, merely requires "an action for equitable and monetary relief."

{¶ 29} Accepting the factual allegations as true and making all reasonable inferences in favor of Francis, we find that Count 5 of her complaint states a claim upon which relief can be granted. Francis claims that NEON violated R.C. 4111.14(F)-(G) by failing to produce requested documents or records in response to a request from a person acting on her behalf. (Complt. ¶ 80-82.) She seeks reasonable attorney fees and costs in accordance with R.C. 4111.14(K). (Complt. ¶ 83-84.)

{¶ 30} Accordingly, the trial court erred in granting dismissal of this claim.

## V. Conclusion

{¶ 31} The assignment of error is sustained in part; and overruled in part. The trial court erred in entering judgment on the pleadings on Francis's claims for disability discrimination, as pleaded in Count 3, and failure to produce documents, as pleaded in Count 5. The trial court did not err in entering judgment on the pleadings on Francis's claim for hostile work environment, as pleaded in Count 3, and negligent training, supervision, and retention, as pleaded in Count 4. Francis did not challenge the trial court's dismissal of Counts 1 and 2; thus, those counts remain dismissed.

{¶ 32} Judgment affirmed, in part; reversed in part. The case is remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY EILEEN KILBANE, J., and
EMANUELLA D. GROVES, J., CONCUR