OPINION
{¶ 1} Plaintiff, Mohamed Bassem Rayess, appeals from a judgment in favor of Defendant, Kaplan Educational Center ("Kaplan").
 {¶ 2} Rayess graduated from a school of medicine in Syria in 1986. (Tr. 34.) He planned to take the United States Medical Licensing Exam ("USMLE") and to start his residency in *Page 2 
medicine in the United States. (Tr. 32.)
 {¶ 3} Kaplan provides certain courses that prepare medical graduates and medical students to take the USMLE. (Tr. 32.) Kaplan was the approved preparatory course provider for Syrian physicians seeking certification in the United States. (Tr. 35.)
 {¶ 4} Rayess contacted Kaplan's office in Dayton, to have a visa issued and to enroll him in a review course for the USMLE. (Tr. 33.) Rayess spoke with Larry Goodpaster, the manager of Kaplan's office in Dayton. As a result of these conversations with Goodpaster, a student visa was issued to Rayess, permitting him to come to the United States. (Tr. 33; Trial Exhibit 1A.) He came to the United States on February 9, 1991, and enrolled in a Kaplan course of study.
 {¶ 5} When Rayess arrived in the United States in February of 1991, Goodpaster advised Rayess that taking a course in English would cost Rayess more money and that reading the medical books and studying the materials provided by Kaplan should be sufficient to pass the USMLE. (Tr. 34.) Kaplan's courses were a combination of written materials, audiotapes, and videotapes. (Tr. 37). Rayess did not take any English courses while studying with Kaplan.
 {¶ 6} In February of 1992, one year into the Kaplan *Page 3 
program, Rayess took the Test of English as Foreign Language ("TOEFL") and scored a 473. Rayess took the TOEFL again in November of 1992, scoring a 520. (Tr. 41.) According to Karin Avila-John, the Academic Coordinator for the Intensive English Program at the University of Dayton, students who score under a 523 on the TOEFL do not benefit from the courses offered at the University of Dayton. (Tr. 9-10.) In general, a lower TOEFL score typically means that it will take the individual more time to prepare for a test than someone who scored higher on the TOEFL. (Tr. 18-19.)
 {¶ 7} Rayess completed the Kaplan course work in December of 1992. (Tr. 43.) He testified that he passed Step 1 of the USMLE, but failed to pass Step 2. (Tr. 37-41.)
 {¶ 8} In the spring of 2001, Rayess sought a grant to study for the USMLE. Rayess again applied for the Kaplan course work. (Tr. 43.) Rayess learned from a representative of Kaplan that a minimum TOEFL score of 530 was needed in order to get the appropriate benefits from the Kaplan review courses. (Tr. 44.) Rayess concluded that Mr. Goodpaster had defrauded him. (Tr. 45.) Rayess filed a complaint with the Ohio Attorney General in January of 2002. (Tr. 55.)
 {¶ 9} Rayess commenced an action against Kaplan in the small claims division of the municipal court on February 7, *Page 4 
2006. Rayess then moved the court for a voluntary dismissal of his case, which was granted on May 12, 2006. Rayess re-filed his complaint on May 9, 2007.
 {¶ 10} A trial was held before a magistrate on September 5, 2007. At the conclusion of Rayess's case, the magistrate granted Kaplan's motion to dismiss. Rayess filed objections and amended objections to the magistrate's decision, a motion for new trial, and a motion to disqualify the magistrate. On March 13, 2008, the trial court denied Rayess' motions, overruled his objections, and entered judgment in favor of Kaplan. Rayess filed a timely appeal from the trial court's judgment entry.
FIRST ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT ERRED BY GRANTING JUDGMENT IN FAVOR OF THE APPELLEE ON APPELLANT'S CLAIM FOR BREACH OF CONTRACT."
THIRD ASSIGNMENT OF ERROR
 {¶ 12} "THE TRIAL COURT ERRED BY REFUSING TO RULE UPON APPELLANT'S CLAIM FOR FRAUD UNDER O.R.C. 2305.09 CLAIMING THAT THE STATUTE OF LIMITATIONS HAS RUN OUT."
 {¶ 13} At the close of the trial, the magistrate granted Kaplan's motion to dismiss. The magistrate found:
 {¶ 14} "In regard to Defendant's Motion, it is really 2-pronged, one is being that Mr. Rayess has not presented *Page 5 
sufficient proof of the contract in order to determine if there was a breach of contract. And, two, that really, in essence, it's not being argued so much as a breach of contract, but as a fraud case, which, if that's the case, the statute of limitations has run.
 {¶ 15} "And I'm in agreement with Defendant's arguments. One is that I do not have sufficient proof of what the contract was, Mr. Rayess. You have 2 documents which indicate that you probably did have a contract with Kaplan, but I do not know what those contract terms were.
 {¶ 16} "Secondly, you did argue quite a bit of fraud. And that, just to make it clear, will not be ruled upon, as the statute of limitations has run on that particular issue." (Tr. 70-71.)
 {¶ 17} Rayess did not attach any written contract to his complaint, as required by Civ. R. 10(D). Further, the allegations in his complaint are less than clear as to what document Rayess believes constituted a contract that Kaplan breached. For example, in paragraph 6 of his complaint, Rayess alleged that:
 {¶ 18} "According to the contract with the Defendant, Plaintiff agreed to enroll in Defendant's review course but after he acquires the professional level in English language *Page 6 
that enables him to benefit from Defendant's Medical review course, as Mr. Larry Goodpaster, Defendant-representative, clearly stated on the contract that Plaintiff was not proficient in English prior to enrolling in Defendant's Medical Review Course, and that English instructions will be given to the Plaintiff at the school."
 {¶ 19} At the trial, Rayess introduced a U.S. Department of Justice form titled "Certificate of Eligibility for Nonimmigrant (F-1) Student Status — For Academic and Language Students." He also introduced receipts showing payments he made to Kaplan. According to Rayess, these trial exhibits constitute the written contract that Kaplan breached. In particular, Rayess argues that "one of the essential terms was to give an English review course which Appellee never gave to the Appellant as was promised, thus, Appellee breach[ed] the contract." (Rayess Brief, p. 10.) At the trial, Rayess stated: "I am here today to tell you that I did not benefit from the course of Kaplan." (Tr. 20.)
 {¶ 20} Rayess cites Trial Exhibit 1A as the contract, which is the aforementioned Certificate of Eligibility. But the Certificate is merely a document submitted to the United States Department of Justice to allow a foreign citizen to come to the United States to attend educational classes. *Page 7 
While it may be true that the Certificate is evidence that Rayess and Kaplan entered into a contract, the Certificate itself is not a contract and does not establish the essential terms of a contract.
 {¶ 21} Arguably, the exhibits and testimony presented at trial establish that Rayess paid Kaplan a sum of money in exchange for materials and instruction offered by Kaplan in preparation for taking the USMLE. But Rayess does not allege that Kaplan failed to provide such materials and instruction. Rather, the allegations in Rayess' complaint take issue with Mr. Goodpaster's advice that Rayess need not spend additional money on English classes. According to Rayess, he relied on that advice and did not take additional English courses, which ultimately caused him to fail the USMLE.
 {¶ 22} It is Rayess's burden to prove the essential terms of the contract by a preponderance of the evidence. J.A. Wigmore Co. v. Chapman (1925), 113 Ohio St.3d 682. He failed to do so. Therefore, the trial court properly dismissed Rayess' breach of contract claim.
 {¶ 23} Although fraud was not pled with particularity in the Complaint, the trial court found that Rayess' factual claims and arguments at trial alleged fraud. The trial court found that any fraud action was barred by the four-year *Page 8 
statute of limitations. We agree.
 {¶ 24} R.C. 2305.09(C) provides that an action on a claim for fraud must be brought within four years. According to Rayess, the alleged fraud occurred in 1991, when Kaplan's agent, Mr. Goodpaster, told Rayess he did not need to take an English language proficiency course. It is undisputed that Rayess filed his action against Kaplan on February 7, 2006, which is more than four years after the fraud occurred in 1991. However, R.C. 2305.09 provides that a fraud cause of action shall not accrue "until the fraud is discovered." Therefore, if Rayess did not discover the fraud earlier than February 2, 2002, his fraud cause of action is timely.
 {¶ 25} Rayess concedes that he discovered the fraud no later than January of 2002, when he spoke with a representative of Kaplan and filed a complaint with the Ohio Attorney General's office. He argues, however, that he did not know he could file an action on his CSPA claims until June of 2002, when the Attorney General sent him a letter that contained Kaplan's response to his allegations. Discovery is knowledge of the grounds for the claim, not the discovery of a right to legal action. Therefore, the trial court correctly dismissed the fraud claim due to the expiration of the statute of limitations. *Page 9 
 {¶ 26} The first and third assignments of error are overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 27} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL IF PAGE 2 OF THE CERTIFICATE OF SERVICE IS NECESSARY TO BE INTRODUCED DURING THE TRIAL."
 {¶ 28} Rayess argues that the magistrate erred by denying his motion to continue the trial when his witness, Claudia Espinoza, did not appear at the trial in response to a subpoena served on her by Rayess.
 {¶ 29} Rayess was notified on July 18, 2007 that Ms. Espinoza would be unavailable for the September 5, 2007 trial due to her absence from the country. Rayess moved for a continuance of the trial. The magistrate overruled that motion on August 1, 2007. Although Rayess then served Ms. Espinoza with a subpoena, he did not take any action on the magistrate's August 1, 2007 order.
 {¶ 30} The magistrate's August 1, 2007 order was entered pursuant to Civ. R. 53(C)(2), which authorizes magistrates "to regulate all proceedings as if by the court." Civ. R. 53(D)(2)(b) permits a party to file a motion with the court within ten days after the order is entered, asking that the magistrate's order be set aside. Rayess failed to file a motion to set aside the magistrate's order, which forfeits his *Page 10 
right to argue on appeal that the trial court abused its discretion in denying the continuance Rayess requested. State v. Craft, Greene App. No. 07CA0046, 2008-Ohio-2717, at _25, citing State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642.
 {¶ 31} Further, we note that Rayess had previously been granted a continuance, which moved the trial from June 20, 2007 to July 25, 2007. Kaplan was then granted a continuance of the trial until September 5, 2007. On this record, even had Rayess complied with Civ. R. 53(D)(2)(b), we could not find that the trial court abused its discretion in denying a third motion for continuance.
 {¶ 32} The second assignment of error is overruled.
FOURTH ASSIGNMENT OF ERROR
 {¶ 33} "THIS COURT LACKS JURISDICTION ON APPELLEE'S BRIEF SINCE THE TRIAL COURT LACKED JURISDICTION ON APPELLEE'S RESPONSE TO APPELLANT'S AMENDED OBJECTIONS."
 {¶ 34} Rayess argues that the certificate of service appearing on Kaplan's response to Rayess' amended objections failed to comply with Civ. R. 5(D), and the clerk of courts therefore should not have accepted the response for filing. (Rayess Brief, p. 24.) Rayess concedes that Kaplan served him with a copy of the response to the amended objections one day before the response was filed with the clerk of courts. Id. The certificate of service does no more than create a presumption that service is complete. *Page 11 
Having conceded that he was in fact served, Rayess has failed to demonstrate that he was prejudiced as a result of an inaccurate certificate of service or failure of notice.
 {¶ 35} The fourth assignment of error is overruled. The judgment of the trial court will be affirmed.
DONOVAN, P.J. AND WOLFF, J, concur.
(Hon. William H. Wolff, Jr., retired from the Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.) *Page 1