[Cite as *Three-C Body Shops, Inc. v. Francois*, 2020-Ohio-4710.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Three-C Body Shops, Inc., | : | |
| Plaintiff-Appellant, | : | No. 19AP-471 |
| | | (C.P.C. No. 19CV-1234) |
| v. | : | |
| Paul G. Francois, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 30, 2020

**On brief:** *Charles W. Hess*, for appellant. **Argued:**
*Charles W. Hess.*

**On brief:** *Gallagher, Gams, Tallan, Barnes & Littrell, L.L.P.*,
*Mitchell M. Tallan* and *Lori E. Thompson*, for appellee.
**Argued:** *Lori E. Thomson.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Plaintiff-appellant, Three-C Body Shops, Inc. ("Three-C"), appeals a June 24, 2019 judgment of the Franklin County Court of Common Pleas, in which the trial court granted judgment on the pleadings to defendant-appellee, Paul G. Francois.

{¶ 2} On November 12, 2018, Jesse Sineath and Francois were involved in a vehicle accident. Francois was at fault. Francois's vehicle was insured by State Farm Mutual Automobile Insurance Company ("State Farm"). Sineath hired Three-C to repair his vehicle. In their contract, Sineath purportedly assigned his cause of action for property damage against any at-fault party to Three-C. State Farm issued initial and follow-up checks for a total of $6,673.10 to cover the cost of the repairs to Sineath's vehicle. Three-C alleged the cost of repairs and outstanding rental vehicle charges exceeded that amount by

$9,404.75. Three-C provided notice to State Farm of the alleged deficiency and of Sineath's assignment. However, State Farm refused to pay the remaining charges.

{¶ 3}   On February 11, 2019, Three-C filed the current action against Francois alleging he was liable for the damages to Sineath's vehicle. On March 15, 2019, Francois filed an answer claiming that Three-C had no cause of action against him or his insurer. Francois alleged the purported assignment of Sineath's claim to Three-C was invalid. On April 18, 2019, Francois filed a motion for judgment on the pleadings arguing the purported assignment was invalid based on *W. Broad Chiropractic v. Am. Family Ins.*, 122 Ohio St.3d 497, 2009-Ohio-3506 ("*W. Broad Chiropractic*"), and *Three-C Body Shops, Inc. v. Nationwide Mut. Fire Ins. Co.*, 10th Dist. No. 16AP-742, 2017-Ohio-1461 ("*Nationwide*").

{¶ 4}   On June 24, 2019, the trial court issued a decision and entry in which it granted Francois's motion for judgment on the pleadings and dismissed the case. The court found that, pursuant to *Nationwide* and *W. Broad Chiropractic*, Sineath's assignment was invalid and, accordingly, Three-C could not maintain a cause of action against Francois. Three-C appeals the judgment of the trial court, asserting the following single assignment of error:

> The trial court erred when it granted appellee's motion for judgment on the pleadings and dismissed the case.

{¶ 5}   In its assignment of error, Three-C argues the trial court erred when it granted Francois's motion for judgment on the pleadings. "After the pleadings are closed but within such times as not to delay the trial, any party may move for judgment on the pleadings." Civ.R. 12(C). As the Supreme Court of Ohio has recently articulated the standard:

> Dismissal is appropriate under Civ.R. 12(C) when a court construes as true the material allegations in the complaint, along with all reasonable inferences to be drawn therefrom, and finds, beyond doubt, that the plaintiff can prove no set of facts that would entitle him to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 1996-Ohio 459, 664 N.E.2d 931 (1996). Appellate review of a judgment on the pleadings involves only questions of law and is therefore de novo. *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18.

*New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, ¶ 8. The issue here is a purely legal one: Was Sineath's assignment of the property-damage portion of his tort claim against the at-fault party valid? We answer this question in the negative.

{¶ 6} The trial court concluded that *W. Broad Chiropractic* and *Nationwide* control here. In *W. Broad Chiropractic*, the injured party, who was in an automobile accident with the tortfeasor, received treatment from a chiropractor and executed an "Assignment of Right to Receive Benefits and/or Proceeds of Settlement or Judgment" to assign her right to receive from the tortfeasor's insurance company compensation for the injuries in exchange for her treatment. Payment was to be made directly to the chiropractor. The chiropractor gave notice of the purported assignment to the insurer of the tortfeasor. The injured party settled her claim with the tortfeasor's insurance company, but the insurance company paid the proceeds directly to the injured party. The chiropractor filed an action against the insurance company seeking a declaration that the assignment was valid. The trial court found the assignment was enforceable. This court reversed the trial court in *W. Broad Chiropractic v. Am. Family Ins.*, 10th Dist. No. 07AP-721, 2008-Ohio-2647.

{¶ 7} The Supreme Court found a conflict existed and also accepted a discretionary appeal. The court found that when the injured party entered into the agreement with the chiropractor, she had a cause of action against the tortfeasor that had accrued at the time of the accident. However, the injured person had not filed a claim based on that cause of action. She had not established liability or the right to damages, and no settlement proceeds existed at the time of the assignment. Because no settlement proceeds existed at the time of the assignment, and the injured person had no right to any funds, she had no rights to assign. Thus, the court held the agreement could not operate as an assignment because the injured party had no present right in any settlement proceeds to transfer to the chiropractor.

{¶ 8} In *Nationwide*, Three-C's customer sought to have his vehicle repaired after it was damaged in an accident. The vehicle was insured by Nationwide Mutual Fire Insurance Company ("Nationwide Mutual") under a policy that required Nationwide Mutual to pay for any reasonable and necessary repairs to bring the vehicle to its pre-

accident condition. Three-C and the customer entered into an agreement, which Three-C forwarded to Nationwide Mutual, and Three-C repaired the vehicle. Among other things, the agreement purported to assign and transfer to Three-C all property-loss claims, good-faith claims, and all benefits and proceeds resulting therefrom as an insured under the customer's automobile insurance policy. Thereafter, Nationwide Mutual paid for only a portion of the repair costs. In a complaint Three-C filed against Nationwide Mutual, among other claims, Three-C alleged the agreement validly assigned the customer's rights, benefits, good faith, and other claims against Nationwide Mutual to Three-C. The trial court granted Nationwide Mutual's motion for judgment on the pleadings under Civ.R. 12(C).

{¶ 9}   On appeal, as pertinent to the present case, this court found in *Nationwide* that Three-C's customer did not have the ability to assign his rights because liability for the accident that damaged the customer's vehicle had not been established at the time the agreement was signed, citing *W. Broad Chiropractic*. We rejected Three-C's argument that the holding in *W. Broad Chiropractic* did not apply because, at the time the contract was signed, Nationwide Mutual was identified as the customer's insurer and a claim number had been assigned. We stated the fact that the customer had an insurance policy and had made a claim with the insurer does not mean that liability for the accident that caused the injury to the vehicle had been established.

{¶ 10} In the present case, the trial court, applying the holdings of *W. Broad Chiropractic* and *Nationwide*, found that, because Three-C's customer, Sineath, had not established liability or the right to damages against the tortfeasor, Francois, at the time she entered into the agreement with Three-C, Sineath had no rights to assign. Therefore, Sineath's right to future proceeds from a judgment against the tortfeasor was merely a possibility at the time she executed the assignment and she could not execute a valid assignment of those rights. The court further found that Three-C's attempt to distinguish the case as a third-party claim was a difference without consequence.

{¶ 11} In its present appeal, Three-C argues that Sineath's claim for property damage against the tortfeasor is a "chose in action," which "is defined as a 'right of bringing an action or a right to recover a debt or money,' a 'personal right not reduced into possession, but recoverable by a suit at law.' " *Scelza v. Mikhael*, 9th Dist. No. 22859, 2006-Ohio-1821, ¶ 16, quoting *Prince v. Jordan*, 9th Dist. No. 97CA006906 (Sept. 30, 1998),

quoting *Black's Law Dictionary* 241 (6 Ed.Rev.1990). Three-C contends that "chose[s] in action" are assignable, and the assignment of the claim from Sineath to Three-C occurred after Sineath's cause of action against the tortfeasor accrued, when Sineath delivered the vehicle to Three-C's shop for repairs and executed the written assignment. Three-C further asserts that, after a loss has occurred, the loss is a perfected post-loss right that is assignable.

{¶ 12} However, we find *W. Broad Chiropractic* clearly applies to the present circumstances. Although Three-C suggests that Sineath's cause of action against Francois was assignable because the cause of action had already accrued at the time of assignment, the Supreme Court rejected this same argument in *W. Broad Chiropractic*. In *W. Broad Chiropractic*, the Supreme Court found that, although the injured party's cause of action against the tortfeasor had already accrued when the injured party entered into the purported assignment, the injured party had not filed a claim based on that cause of action, and no right to damages had been established at the time of assignment; thus, lacking any present right to proceeds, there could be no assignment. The situation in the present case is analogous. Although Sineath's loss had created the right to an action against the tortfeasor, and a cause of action may have accrued at the time, there was no present right to any damages or proceeds at the time of the assignment. *W. Broad Chiropractic* makes clear that the mere right to a cause of action is not assignable. There must be an existing and present determination of liability and right to damages. In the present case, Sineath possessed no present right to funds or property to transfer to Three-C at the time of the assignment.

{¶ 13} We relied on *W. Broad Chiropractic* for the same proposition in *Nationwide;* that is, Three-C's customer did not have the ability to assign his rights because liability for the accident and a right to damages had not been established at the time the agreement was signed. Although Three-C attempts to distinguish *Nationwide* by the fact that it involved a customer who had attempted to assign his property-damage claim under his own insurance policy to Three-C—i.e., a "first-party" claim—while, in the present case, the customer attempted to assign his claim against an at-fault third-party tortfeasor—i.e., a "third-party" claim—we find this distinction unavailing. It is more arguable that contractual benefits, to which the customer at least debatably already had present rights in *Nationwide*, would be

assignable, rather than a third-party tort claim against a tortfeasor, which is generally not assignable. *See Core Funding Group, LLC v. McDonald*, 6th Dist. No. L-05-1291, 2006-Ohio-1625, ¶ 41 (the general common-law rule is that tort claims are not assignable). Therefore, we find no distinguishing factors in *Nationwide* pertinent to the present case. This court is bound by the doctrine of stare decisis and must follow our own court's precedent. *Liberty Mut. Ins. Co. v. Three-C Body Shops, Inc.*, 10th Dist. No. 19AP-775, 2020-Ohio-2694, ¶ 13, citing *Watson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 11AP-606, 2012-Ohio-1017, ¶ 16. For all the foregoing reasons, we find the trial court did not err when it granted Francois's motion for judgment on the pleadings and dismissed the case, and we overrule Three-C's assignment of error.

{¶ 14} Accordingly, we overrule Three-C's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____