[Cite as *Clay v. Galita*, 2024-Ohio-833.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| MICHAEL CLAY, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 112925 |
| v. | : | |
| DANIEL A. GALITA, ET AL., | : | |
| Defendants-Appellees. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; REVERSED IN PART; AND REMANDED

**RELEASED AND JOURNALIZED:** March 7, 2024

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-971532

### *Appearances:*

Michael Clay, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jake A. Elliott, Assistant Prosecuting Attorney, *for appellees*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Plaintiff-appellant, Michael Clay ("Clay"), pro se, appeals an order granting judgment on the pleadings and dismissing his complaint against

defendants-appellees, Dr. Elizabeth K. Balraj ("Dr. Balraj") and Dr. Daniel A. Galita ("Dr. Galita") (collectively "appellees"). Clay claims the following errors:

> 1. The trial court erred to the prejudice of the plaintiff-appellant by abusing its discretion granting the defendant-appellees' motion for judgment of [sic] the pleadings because of misnomer or misjoinder.

> 2. The trial court erred to the prejudice of the plaintiff-appellant by abusing its discretion when ruling that plaintiff could prove no set of facts in support of his claim for relief.

> 3. The trial court erred to the prejudice of plaintiff-appellant by abusing its discretion granting the defendants-appellees' motion of [sic] judgment on the pleadings claiming only the chief medical examiner can change the coroner's verdict and death certificate per an order from the trial court.

{¶ 2} We affirm the trial court's judgment with respect to Dr. Galita, reverse it with respect to Dr. Balraj, and remand the case to the trial court for further proceedings.

## I. Facts and Procedural History

{¶ 3} In November 2022, Clay filed a complaint against appellees, alleging that they inaccurately described the cause of death of Clay's infant daughter ("M.C.") in the related autopsy report, coroner's verdict, and death certificate. Clay was convicted of murder in the Summit County Court of Common Pleas in connection with M.C.'s death and was sentenced to 15 years to life in prison. (Complaint ¶ 81, citing *State ex. rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 152 Ohio St.3d 163, 2017-Ohio-8714, 94 N.E.3d 498, citing *State ex. rel. Clay v. Cuyahoga Cty. Med. Examiner's Office*, 2016-Ohio-407, 58 N.E.3d 552 (8th Dist.)).

{¶ 4} In the prayer for relief, Clay asked the trial court to grant a declaratory judgment, declaring the manner and mode in which the death occurred and the cause of death described in the autopsy report, coroner's verdict, and death certificate are inaccurate. He also requested a declaratory judgment seeking to change the coroner's verdict regarding the manner of death from "homicide" to "accident" and to change the coroner's verdict regarding the cause of death from "blunt force impacts with brain soft tissue injury" to "undetermined." (Complaint, prayer for relief ¶ 10-11.) Clay included a jury demand in the caption of the complaint.

{¶ 5} Appellees filed a motion to dismiss the jury demand on grounds that the special statutory procedure outlined in R.C. 313.19, allowing judicial review of a coroner's verdict, provides for a hearing before the common pleas court, but does not provide for a jury trial. They also argued that R.C. 313.19 prohibits the use of declaratory judgments to resolve a dispute against a coroner's decision regarding the cause of death. The trial court granted the partial motion to dismiss and held that "[b]ecause R.C. 313.19 delimits the procedure for challenging a coroner's verdict, use of declaratory judgment to resolve those same issues is inappropriate." The court also dismissed the jury demand and allowed the case to proceed without a jury trial.

{¶ 6} Thereafter, appellees filed a motion for judgment on the pleadings, arguing that Clay's complaint fails to state a claim for relief on which relief could be granted. Appellees asserted that neither of the named defendants, Drs. Galita and

Balraj, had authority to amend the coroner's verdict or death certificate because only the Cuyahoga County Coroner has authority to amend a coroner's verdict or death certificate and Dr. Galita was not the Cuyahoga County Coroner. They also argued that although Dr. Balraj was coroner in 2006, when the autopsy of M.C. was performed, she was no longer employed as the Cuyahoga County Coroner when the complaint was filed. The trial court agreed, granted appellees' motion for judgment on the pleadings as unopposed, and dismissed the case. Clay now appeals the trial court's judgment.

{¶ 7} Before we address the merits of Clay's appeal, we note that Clay did not file a brief in opposition to appellees' motion for judgment on the pleadings. A party's failure to oppose a motion to dismiss or motion for judgment on the pleadings generally constitutes a waiver of any opposition to the movant's arguments. *Norris v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga Nos. 111238 and 111383, 2022-Ohio-3552, ¶ 14, citing *Demsey v. Haberek*, 8th Dist. Cuyahoga No. 104894, 2017-Ohio-1453, ¶ 7. The fact that Clay represents himself pro se does not change that fact since "'[p]ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel.'" *Heller v. Ohio Dept. of Jobs & Family Servs.*, 8th Dist. Cuyahoga No. 92965, 2010-Ohio-517, ¶ 18, quoting *Meyers v. First Natl. Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981). Nevertheless, in the interests of justice, we will review the claims asserted in this appeal. *Norris* at ¶ 14, citing *Demsey* at ¶ 7.

## II. Law and Analysis

### A. Standard of Review

{¶ 8} All three of Clay's assignments of error challenge the trial court's ruling on appellees' motion for judgment on the pleadings. Motions for judgment on the pleadings are governed by Civ.R. 12(C). Civ.R. 12(C) states: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In ruling on a Civ.R. 12(C) motion, the court is permitted to consider both the complaint and the answer as well as any material attached as exhibits to those pleadings." *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 37, citing *Schmitt v. Educational Serv. Ctr.*, 2012-Ohio-2208, 970 N.E.2d 1187, ¶ 10 (8th Dist.).

{¶ 9} Judgment on the pleadings is appropriate where it appears "beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all the material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." *State ex rel. City of Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 765 N.E.2d 854 (2002).

{¶ 10} We review a ruling on a motion for judgment on the pleadings de novo. *DiGorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 19. In a de novo review, this court affords no deference to the trial court's decision and independently reviews the record to determine whether the denial of the motion for judgment on the pleadings is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

## B. Failure to State a Claim

{¶ 11} In the first assignment of error, Clay argues the trial court erred in granting appellees' motion for judgment on the pleadings on grounds that he named the wrong parties as defendants. In the second assignment of error, he argues the trial court erred in finding that the complaint failed to state a claim on which relief could be granted. In the third assignment of error, he contends the trial court erred in granting judgment on the pleadings on grounds that only the chief medical examiner can change the coroner's verdict and death certificate. We discuss these assigned errors together because they are interrelated.

{¶ 12} This case involves the statutory interpretation of R.C. 313.19, which governs the procedure for amending a coroner's verdict. When interpreting statutes, the court must first look to the plain language of the statute and the purpose to be accomplished. *State ex rel. Pennington v. Gundler*, 75 Ohio St.3d 171, 173, 661 N.E.2d 1049 (1996). Words used in a statute must be accorded their usual, normal, and customary meaning. *Id.*, citing R.C. 1.42. "Further, absent ambiguity, the court must give effect to the plain meaning of a statute." *Id.*, citing *State v. Waddell*, 71 Ohio St.3d 630, 631, 646 N.E.2d 821 (1995). Statutory interpretation is a question of law subject to de novo review. *State v. Bates*, 2017-Ohio-4445, 93 N.E.3d 263, ¶ 6 (8th Dist.).

{¶ 13} R.C. 313.19 states in its entirety:

> The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital

statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the court of common pleas of the county in which the death occurred, after a hearing, directs *the coroner* to change his decision as to such cause and manner and mode of death.

(Emphasis added.) R.C. 313.19 authorizes judicial review of a coroner's verdict regarding the cause of death and the manner and mode in which the death occurred. It also permits the common pleas court to direct the coroner to change his or her decision if warranted based on evidence presented at a hearing.

{¶ 14} However, the General Assembly did not give deputy coroners authority to change the cause of death and manner and mode in which death occurred in the coroner's verdict and death certificate. This omission stands in contrast to other provisions wherein the legislature expressly provided that a deputy coroner may stand in the place of the coroner. For example, R.C. 313.13 governs autopsies following death in a motor vehicle accident, and provides, in part: "The coroner, any deputy coroner, an investigator appointed pursuant to section 313.05 of the Revised Code, or any other person the coroner designates as having the authority to act under this section may go to the dead body and take charge of it."

{¶ 15} R.C. 313.17 similarly provides, in relative part:

The coroner or deputy coroner may issue subpoenas for such witnesses as are necessary, administer to such witnesses the usual oath, and proceed to inquire how the deceased came to his death, whether by violence to self or from any other persons, by whom, whether as principals or accessories before or after the fact, and all circumstances relating thereto.

{¶ 16} Whereas R.C. 313.13 and 313.17 expressly authorize deputy coroners to act on behalf of the coroner, R.C. 313.19 does not make such provision. Under the statutory-construction maxim expressio unius est exclusio alterius (the express inclusion of one thing implies the exclusion of the other), the express authorization of deputy coroners to act on behalf of the coroner in R.C. 313.13 and 313.17 indicates the omission of such authority in R.C. 313.19 is intentional. *See Jardine v. Jardine (In re Celebrezze),* Slip Opinion No. 2023-Ohio-4383, ¶ 83 (Under the statutory-construction maxim expressio unius est exclusio alterius (the express inclusion of one thing implies the exclusion of the other), * * * the express list of things that are excepted from the definition of "case document" implies the exclusion of all other things that are not on that list.); *State ex rel. Ohio Presbyterian Retirement Servs. v. Indus. Comm. of Ohio*, 151 Ohio St.3d 92, 2017-Ohio-7577, 86 N.E.3d 294, ¶ 28 (Under the statutory-construction maxim expressio unius est exclusio alterius (the express inclusion of one thing implies the exclusion of the other), the express reference to division (B) of R.C. 4123.57 in 4123.58(E) but not to division (A) of R.C. 4123.57 indicates that the omission of division (A) was intentional.).

{¶ 17} Under the plain language of R.C. 313.19, only the coroner may amend the cause of death and manner and mode in which a death occurred on death certificates and coroner's verdicts, if ordered to do so by the common pleas court. Deputy coroners lack such authority.

{¶ 18} Failure to name the proper party is grounds for dismissal of the improperly named party. *State ex rel. Johnson v. Jensen*, 140 Ohio St.3d 65, 2014-

Ohio-3159, 14 N.E.3d 1039. In *Jensen*, the Ohio Supreme Court affirmed the dismissal of a judge named in an action for a writ of procedendo to compel a judge to rule on a motion to dismiss because the named judge was no longer on the bench and the petitioner failed to name the current judge charged with ruling on the motion.

{¶ 19} The complaint in the instant case alleges that Dr. Galita is the deputy coroner who performed the autopsy of M.C. (Complaint ¶ 4.) The complaint does not allege that he is the Cuyahoga County Coroner, and it is clear from the face of the complaint that Dr. Galita cannot provide the relief requested and is not the proper party. Therefore, the trial court properly granted judgment on the pleadings with respect to Dr. Galita and dismissed him from the case.

{¶ 20} Paragraph 5 of Clay's complaint relates to Dr. Balraj and alleges:

5. Dr. Elizabeth K. Balraj (hereinafter Balraj), coroner of Cuyahoga County Medical Examiner's office observed the autopsy of [M.C.], and wrote the coroner's verdict, signed the report of autopsy, and death certificate[.]

Although this allegation describes action that Dr. Balraj took in the past in her capacity as coroner, it alleges that she is still the Cuyahoga County Coroner. Appellees admit in their answer that Dr. Balraj was the Cuyahoga County Coroner, who signed the coroner's verdict and report of the autopsy of M.C., but deny all other allegations asserted in paragraph 5. In denying all other allegations asserted in paragraph 5, they deny that Dr. Balraj is currently the Cuyahoga County Coroner, but their denial conflicts with the contrary allegation in the complaint. Thus, the

pleadings present an issue of fact as to whether Dr. Balraj is currently the Cuyahoga County Coroner.

{¶ 21} Dr. Balraj may no longer be the Cuyahoga County Coroner. However, we cannot consider information outside the pleadings. *Mellon v. O'Brien*, 8th Dist. Cuyahoga No. 112418, 2023-Ohio-2393, ¶ 9, citing *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973) ("[R]eview of Civ.R. 12(C) motions are restricted to the allegations and evidence contained in the pleadings."). *See also Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 569-570, 664 N.E.2d 931 (1996) ("Judgment on the pleadings involves a determination of legal questions and 'requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.'"); *Edwards v. Kelley*, 8th Dist. Cuyahoga No. 110116, 2021-Ohio-2933, ¶ 8-13, quoting *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 752 N.E.2d 267 (2001), ("'Civ.R. 12(C) motions are specifically for resolving questions of law[,]' such as application of the statute of limitations affirmative defenses that appear on the face of the complaint or personal jurisdiction issues.").[1]

{¶ 22} Appellees argue the trial court's order granting judgment on the pleadings should be affirmed because neither Dr. Galita nor Dr. Balraj are the

---

[1] In *Edwards*, we noted that parties may file motions for summary judgment, which allow the submission of documentary evidence to establish facts not alleged in the pleadings. *Edwards* at ¶ 12. A motion for summary judgment is the appropriate motion to be filed when undisputed facts outside the pleadings are necessary to resolve the case.

current Cuyahoga County Coroner, and only the county coroner may be directed to amend the cause of death and the manner and mode in which death occurred in a death certificate and coroner's verdict. Because the complaint does not allege that Dr. Galita is the Cuyahoga County Coroner, the complaint fails to state a claim against Dr. Galita on which relief may be granted. There is, however, an issue of fact in the pleadings as to whether Dr. Balraj is the Cuyahoga County Coroner. Therefore, judgment on the pleadings with respect to Dr. Balraj was improper.

{¶ 23} The three assignments of error are overruled in part and sustained in part.

{¶ 24} The trial court's judgment is affirmed as to Dr. Galita and reversed as to Dr. Balraj. We remand the case to the trial court for further proceedings.

It is ordered that appellees and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY J. BOYLE, J., CONCUR