[Cite as *Marshall v. Franklin Cty. Treasurer*, 2025-Ohio-1147.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stephanie Marshall, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 24AP-91 |
| v. | : | (C.P.C. No. 23CV-7484) |
| Franklin County Treasurer et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 31, 2025

**On brief:** *Stephanie Marshall*, pro se. **Argued:** *Stephanie Marshall.*

**On brief:** [*Shayla D. Favor*], Prosecuting Attorney, *Paul M. Stickel*, and *William J. Stehle* for appellees.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, J.

{¶ 1} Plaintiff-appellant, Stephanie Marshall, appeals from the decision of the Franklin County Court of Common Pleas granting the motion for judgment on the pleadings filed by defendants-appellees, the Franklin County Treasurer and the Franklin County Auditor. Ms. Marshall had filed suit seeking to prevent appellees from demanding that she pay back taxes on a piece of property that she claimed was not hers, and sought an award of money damages as well. Because the trial court did not err when granting the motion and entering judgment in favor of appellees, we affirm.

{¶ 2} Proceeding pro se, Ms. Marshall filed a complaint captioned "Complaint: Collection of an Unlawful Debt" against appellees on October 20, 2023. She alleged that

the Franklin County Auditor had incorrectly "listed" her as the owner of 101 Meek Ave., Columbus, Ohio, 43223. (Oct. 20, 2023 Compl. at 1.) She alleged that James Hinkle had received title to the property in 2017 and was its actual owner, and requested that he "be subpoenaed as a witness" to verify ownership. *Id.* at 2. According to Ms. Marshall, she was not responsible for the "tax debt owed" and wanted the Franklin County Treasurer to stop sending her bills seeking to collect the unpaid tax. *Id.* at 5. In addition, she sought "$2,000.00 for the inconvenience of having to bring this issue to court." *Id.*

{¶ 3} After answering the complaint, the Franklin County Treasurer and the Franklin County Auditor filed a motion for judgment on the pleadings under Civ.R. 12(C). They argued that the general grant of political subdivision immunity under R.C. 2744.02(A)(1) precluded any liability or claim for damages stated in Ms. Marshall's lawsuit because "issuing a real property tax bill" was "unequivocally a governmental function." (Nov. 30, 2023 Mot. of Defs. at 4.) They further argued that her complaint alleged no facts that would invoke one of the statutory exceptions to immunity under R.C. 2744.02(B), and the trial court should therefore enter judgment on the pleadings in their favor.

{¶ 4} The trial court granted the motion on January 11, 2024. The trial court ruled that it was "beyond dispute" that the issuance of a tax bill fit within the definition of a proprietary governmental function under R.C. 2744.02(A)(1), and that Ms. Marshall had not alleged any fact in the complaint that applied to an exception under R.C. 2744.02(B). (Jan. 11, 2024 Entry at 5.) Accordingly, the trial court granted the motion and entered judgment in favor of the Franklin County Treasurer and the Franklin County Auditor.

{¶ 5} Ms. Marshall filed a notice of appeal. However, her brief does not comply with the requirement to provide a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 16(A)(3). Her brief contains the statement "COURT ERROR: Legal (Excluding Evidence)," but the trial court made no ruling excluding any evidence. (Appellant's Brief at 1.) Thus, her brief fails to identify any error in the trial court. Because we "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A)," this deficiency would be sufficient to affirm the trial court's judgment. App.R. 12(A)(2). "Without any specific assignment of

error, we have nothing to review." *Jabr v. Columbus*, 2023-Ohio-2781, ¶ 11 (10th Dist.). Ms. Marshall argues that if the trial court "had allowed the real owner to give testimony as he did" in another case, then she "would be removed as the owner" of the property from appellees' records. (Appellant's Brief at 1.) This hypothetical does not, however, remedy her failure to identify any actual error attributable to the trial court.

{¶ 6} Nor does her brief address, or mention in any way, the political subdivision immunity under R.C. Chapter 2744 under which the trial court granted judgment on the pleadings. Thus, although she has filed an appeal, she has failed to challenge the basis for the trial court's ruling in favor of appellees. Nevertheless, in the interests of justice, we will review the trial court's judgment to ensure no error of law occurred. *See, e.g., Wood v. Simmers*, 2017-Ohio-8718, ¶ 8 (10th Dist.) (reviewing trial court's affirmance of an administrative order and denial of a motion for class certification although appellant failed to assert a cognizable assignment of error). We therefore construe her assertion as an assignment of error challenging the ruling granting the motion for judgment on the pleadings.

{¶ 7} Civil Rule 12(C) allows "any party may move for judgment on the pleadings" after all pleadings have been filed. "When considering a Civ.R. 12(C) motion for judgment on the pleadings, a court must construe the material allegations in the complaint, along with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true." *Ohio Mfrs.' Assn. v. Ohioans for Drug Price Relief Act*, 2016-Ohio-3038, ¶ 10, citing *Rayess v. Educational Comm. for Foreign Med. Graduates*, 2012-Ohio-5676, ¶ 18. A court may grant the motion "only if it appears beyond doubt that the nonmoving party can prove no set of facts entitling it to relief." *Id*. An appellate court applies a de novo standard when reviewing an order granting a motion for judgment on the pleadings. *Reister v. Gardner*, 2020-Ohio-5484, ¶ 17.

{¶ 8} "Determining whether a political subdivision is immune from tort liability pursuant to R.C. Chapter 2744 involves a three-tiered analysis." *Colbert v. Cleveland*, 2003-Ohio-3319, ¶ 7, citing *Greene Cty. Agricultural Soc. v. Liming*, 2000-Ohio-486. The analysis begins with the general rule that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in

connection with a governmental or proprietary function." R.C. 2744.02(A)(1). Because "that immunity is not absolute," the second tier of the analysis asks "whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability." *Colbert* at ¶ 7-8. If no exception applies, "then the analysis ends, and the political subdivision retains its general grant of immunity." *DSS Servs., LLC v. Eitel's Towing, LLC*, 2019-Ohio-3158, ¶ 12 (10th Dist.), citing *Harris v. Columbus*, 2016-Ohio-1036, ¶ 32 (10th Dist.). Otherwise, "the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability." *Colbert* at ¶ 9.

{¶ 9} Both the Franklin County Treasurer and the Franklin County Auditor are political subdivisions engaged in governmental functions. A political subdivision is defined as "a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." R.C. 2744.01(F). A governmental function includes any "function that the general assembly mandates a political subdivision to perform." R.C. 2744.01(C)(2)(x). The General Assembly has mandated that "[e]ach county shall be the unit for assessing real estate for taxation purposes" and "[t]he county auditor shall be the assessor of all the real estate in the auditor's county for purposes of taxation . . . ." R.C. 5713.01(A). Furthermore, the General Assembly requires the county treasurer to "cause to be prepared and mailed or delivered" property tax bills based on the auditor's records. R.C. 323.13(A)(1). Thus, the presumptive immunity under R.C. 2744.02(A)(1) applies to the governmental function performed by appellees of which Ms. Marshall complains: the preparation and issuance of the property tax bill.

{¶ 10} We identify no exception to immunity under R.C. 2744.02(B) that applies to the action of sending a tax bill, even to a person who is not the legal owner of the property. The possible exceptions to immunity include liability "for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle" operated by a political subdivision's employee under R.C. 2744.02(B)(1); liability for "the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions" under R.C. 2744.02(B)(2); liability arising from "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads" under R.C.

2744.02(B)(3); liability "for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function" under R.C. 2744.02(B)(4); and an instance "when civil liability is expressly imposed upon the political subdivision by" another provision of the Ohio Revised Code under R.C. 2744.02(B)(5). None of these exceptions apply to the mailing of a tax bill to Ms. Marshall. Because no R.C. 2744.02(B) exception applies, "the analysis ends," and we do not reach the third tier of the analysis. *DSS Servs., LLC* at ¶ 12. Even construing all the allegations of the complaint as true, Ms. Marshall's allegation of liability for the mailing of a tax bill clearly establishes appellees' political subdivision immunity. Accordingly, the trial court properly granted appellees' motion for judgment on the pleadings.

{¶ 11} Having construed Ms. Marshall's assertion of error as an assignment of error contesting the trial court's ruling granting appellees' motion for judgment on the pleadings, we overrule it, and therefore affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON, P.J. and BEATTY BLUNT, J., concur.

_____