JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant LaJean Smith appeals the trial court's granting of summary judgment in favor of appellee, Huron Hospital ("hospital"). She assigns the following error for our review:
 "I. The court erred in granting a summary judgment for defendant where the basis for defendant's summary judgment was the defendant's request for admissions which were rendered moot by the court's earlier decision to deem the request for admissions answered and filed by plaintiff."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On March 9, 2004, Mrs. Smith fell in the parking lot of Huron Hospital. Smith filed a complaint against the hospital alleging it had negligently maintained the parking lot and that the fall caused her permanent injury.
 {¶ 4} On February 23, 2007, Huron Hospital filed a motion for summary judgment. The hospital argued that Smith failed to respond to its request for admissions. Thus, it claimed the admissions are deemed admitted, including the admission that the hospital was negligent and that no action or inaction of the hospital caused the injury to Smith. The hospital also alleged that Smith failed to provide evidence that she was injured or that there was a causal connection between her fall and claimed permanent injury. *Page 4 
 {¶ 5} On March 30, 2007, the court entered an order finding Smith's answers to the admissions were filed on February 28, 2007; therefore, the hospital's request to deem the admissions as admitted was denied.
 {¶ 6} On May 21, 2007, the hospital filed a supplemental brief in support of its motion for summary judgment. The hospital attached the affidavit of Tom Anastasio, the engineering supervisor of the hospital. He stated the hospital did not receive notice of a hazard in the parking lot; there was not any evidence of an existing hazard; and, there was no support to Mrs. Smith's allegation that the curbs in the parking lot were not painted.
 {¶ 7} On May 22, 2007, the trial court granted the hospital's motion for summary judgment, stating in pertinent part:
 "Except as to questions of cause and effect, which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. Darnell v. Eastman (1970), 23 Ohio St.2d 13, 17. In this case, plaintiff Lajean Smith has presented no evidence, let alone expert testimony to support her claim for negligence. Accordingly, the defendants' motion for summary judgment is unopposed and granted."
 Motion for Summary Judgment {¶ 8} In her sole assigned error, Smith argues the trial court erred by granting summary judgment because there were genuine issues of fact in dispute. She contends the trial court's granting of summary judgment was based on her failure to *Page 5 
respond to the request for admissions, but the court later accepted her late answers. Thus, she contends the basis for the hospital's motion was moot. We disagree.
 {¶ 9} We review an appeal from summary judgment under a de novo standard of review.[1] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[2] Under Civ. R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion which is adverse to the non-moving party.[3]
 {¶ 10} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[4] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[5] *Page 6 
 {¶ 11} The trial court's judgment entry shows it did not rely on the request for admissions in granting the motion for summary judgment. The court concluded that Smith had failed to provide medical expert evidence indicating that her injury was related to her alleged fall. We agree.
 {¶ 12} In order to survive a properly supported motion for summary judgment in a negligence action, a plaintiff must establish that genuine issues of material fact remain as to whether: (1) the defendant owed plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury.[6]
 {¶ 13} The record reveals that Smith failed to obtain expert testimony as to the proximate cause of her injuries and failed to provide any treatment records for her alleged injury. In order to establish proximate cause, there must be evidence that a direct or proximate causal relationship existed between the accident and the injury or disability complained of.[7] It is well-settled that no presumption or inference of negligence arises from the bare happening of an accident or from the mere fact that an injury occurred.[8] Further, except as to questions of cause and effect, which are *Page 7 
so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such an opinion. In the absence of such medical opinion, it is error to refuse to withdraw that issue from the consideration of the jury.[9]
 {¶ 14} In the instant case, Smith not only failed to present evidence that her alleged injuries were proximately caused by her fall, but has also failed to submit medical bills or records indicating that she did in fact suffer an injury. Therefore, there was no evidence supporting her allegation that she was permanently injured by the fall.
 {¶ 15} The hospital also argues its engineering supervisor did not have notice of an exiting hazard in the parking lot as evident by his affidavit attached to the hospital's supplemental motion for summary judgment. However, we note the trial court did not address this issue in its journal entry and appears to have granted the judgment based on the lack of evidence of proximate cause. Therefore, it does not appear the trial court considered the supplemental motion, which was filed a day prior to its granting of judgment.
 {¶ 16} As a result, Smith's inability to respond to the supplemental motion prior to the granting of judgment was not prejudicial. Moreover, Smith's brief opposing the *Page 8 
supplemental motion failed to remedy the lack of evidence regarding proximate cause. Thus, any error was harmless. Accordingly, Mrs. Smith's sole assigned error is overruled.
Judgment is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR
[1] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[2] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[3] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[4] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[5] Id. at 293.
[6] See Texler v. D.O. Summers Cleaners Shirt Laundry Co.,81 Ohio St.3d 677, 680, 1998-Ohio-602; Jeffers v. Olexo (1989),43 Ohio St.3d 140, 142; Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77.
[7] Jacobs v. Gateway Prop. Mgt., Cuyahoga App. No. 84973,2005-Ohio-1983; Buckeye Union Ins. Co. v. Vassar (Feb. 18, 1981), 1st Dist. No. C-800007.
[8] Green v. Castronova (1966), 9 Ohio App.2d 156.
[9] Darnell, supra. *Page 1