[Cite as *Clay v. Galita, Chief Med. Examiner*, 2025-Ohio-2779.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL CLAY,                              :

    Plaintiff-Appellant,           :

                                 No. 114679

    v.                                        :

DANIEL A. GALITA, CHIEF MEDICAL
EXAMINER, ET AL.,                         :

    Defendants-Appellees.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 7, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-971532

---

### *Appearances:*

Michael Clay, *pro se*.

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jake A. Elliott, Assistant Prosecuting Attorney, *for appellee*.

---

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant Michael Clay ("Clay"), pro se, appeals the trial court's decision denying his motion for summary judgment and granting summary

judgment in favor of defendants-appellees, Daniel A. Galita, Chief Medical Examiner, et al. (hereafter "the ME").[1]  After careful review of the record, we affirm.

## I.  Facts and Procedural History

{¶ 2}    In November 2022, Clay filed a complaint, pursuant to R.C. 313.19, in the Cuyahoga County Court of Common Pleas alleging that the ME erroneously described the cause, manner, and mode of death of his infant daughter ("the victim") in the autopsy report, coroner's verdict, and death certificate (collectively "coroner's verdict").  The ME ruled the victim's cause of death as blunt-force impacts to the head, with brain and soft-tissue injury.  The mode of death was determined to be assault by unknown person or persons.  The manner of death was ruled a homicide.  We note that Clay is currently serving 15 years to life in prison because in 2007 he was convicted, after a jury trial in the Summit County Court of Common Pleas, of murder, felonious assault, and child endangering in connection with the victim's death.  His conviction was affirmed on appeal in *State v. Clay,* 2008-Ohio-2158 (9th Dist.).[2]

---

[1] This is Clay's second appeal on the matter.  In his first appeal, this court affirmed the dismissal of Dr. Galita, because he is a deputy coroner and cannot amend the coroner's verdict under R.C. 313.19.  This court reversed the dismissal of Dr. Elizabeth K. Balraj because there was an issue of fact in the pleadings as to whether she is the current Cuyahoga County Coroner.  *Clay v. Galita*, 2024-Ohio-833 (8th Dist.).  Following our remand, Clay filed an amended complaint naming Dr. Thomas Gilson who is the current Cuyahoga County Coroner.

[2]  Clay's attempts at postconviction relief have been unsuccessful.  *See State v. Clay*, 2008-Ohio-5467 (discretionary appeal not allowed); *see also Clay v. Smith*, 2010 U.S. Dist. LEXIS 108978 (N.D. Ohio, Oct. 13, 2010) (denying petition for writ of habeas corpus); *Clay v. Smith*, 2010 U.S. Dist. LEXIS 109002 (N.D. Ohio, Aug. 30, 2010) (reporting and recommending denial of habeas petition).

{¶ 3} In Clay's prayer for relief, he requests that the trial court order the ME to change the manner of the victim's death to "accident," the mode of death to "undetermined," and the cause of death to "undetermined" or "accidental." On July 9, 2024, Clay filed a motion for summary judgment asserting that there were no genuine issues of material fact and he was entitled to an order directing the ME to amend the coroner's verdict as a matter of law. Clay essentially argues that the ME's testimony at his 2007 murder trial was inconsistent with his findings in the coroner's verdict and, therefore, the documents should be changed. Clay also filed a "motion in lieu [of] expert report," attaching numerous documents. (Clay's motion, Aug. 21, 2024.) The ME filed its brief in opposition to summary judgment on August 22, 2024, and filed a cross-motion for summary judgment on October 2, 2024. The ME argues that Clay failed to set forth competent, credible evidence that the ME's opinion was inaccurate. Clay filed a "motion in opposition to [the ME's] motion opposing [Clay's] motion for summary judgment" on October 17, 2024. The trial court deemed Clay's "motion" a reply brief in support of Clay's motion of summary judgment. (Judgment entry, Nov. 11, 2024.) Clay was granted two extensions to file his brief in opposition to the ME's motion for summary judgment but ultimately failed to file a brief in opposition.

{¶ 4} On November 19, 2024, the trial court denied Clay's motion for summary judgment and granted the ME's motion for summary judgment. The trial court specifically found that

[Clay] has not submitted competent Civ.R. 56 evidence demonstrating that the manner, mode, and cause of death issued by the Cuyahoga County Medical Examiner's Office for [the victim] should not be the legally accepted manner and mode in which the death occurred. The absence of expert testimony to the contrary, [Clay] has failed to rebut the non-binding, rebuttable presumption that the coroner's cause of death determination of [the victim] was accurate.

(Judgment entry, Nov. 19, 2024.)

{¶ 5} It is from this decision Clay now appeals, raising the following assignments of error for review:

**Assignment of Error I:** The trial court erred granting the [ME's] Motion for Summary Judgment finding the [ME's] evidence was undisputed and created no genuine issue of material facts and that the [ME] was entitled to judgment as a matter of law.

**Assignment of Error II:** The trial court erred when ruling that [Clay] has not submitted competent, credible evidence that the manner, mode, and cause of death issued by the Cuyahoga County Medical Examiner's Office for [the victim] should not be legally accepted and [Clay] failed to rebut the non-binding, rebuttable presumption that the Coroner's cause of death determination of [the victim] was accurate.

## II. Law and Analysis

### Standard of Review

{¶ 6} We review an appeal from summary judgment under a de novo standard. *Cleveland Elec. Illum. Co. v. Cleveland*, 2020-Ohio-4469, ¶ 13-15 (8th Dist.), citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10 (8th Dist. 2000). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192 (8th

Dist. 1997). Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine

> (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.

{¶ 7} Civ.R. 56(C) also provides an exclusive list of materials that parties may use to support a motion for summary judgment:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.

{¶ 8} The moving party carries the initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). If the movant meets this burden, the burden then shifts to the nonmoving party to provide evidence showing a genuine issue of material fact exists. *Id.* at 293. The nonmoving party cannot simply rest on its pleadings. *Id.* Furthermore, if the party fails to respond, Civ.R. 56(E) authorizes the trial court to grant summary judgment, if appropriate.

### R.C. 313.19: "Coroner's verdict the legally accepted cause of death"

{¶ 9} Clay filed his complaint pursuant to R.C. 313.19, which authorizes judicial review of a coroner's verdict regarding the cause of death and the manner and mode in which the death occurred. It also permits the common pleas court to

direct the coroner to change their decision if warranted based on evidence presented at a hearing. R.C. 313.19 states:

> The cause of death and the manner and mode in which the death occurred, as delivered by the coroner and incorporated in the coroner's verdict and in the death certificate filed with the division of vital statistics, shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death, unless the court of common pleas of the county in which the death occurred, after a hearing, directs the coroner to change his decision as to such cause and manner and mode of death.

{¶ 10} The Ohio Supreme Court has long held that "the coroner's factual determinations concerning the manner, mode and cause of the decedent's death, as expressed in the coroner's report and death certificate, create a non-binding, rebuttable presumption concerning such facts in the absence of competent, credible evidence to the contrary." *Vargo v. Travelers Ins. Co.*, 34 Ohio St.3d 27, 30 (1987). Further, the *Vargo* Court stated that the "coroner is a medical expert rendering an expert opinion on a medical question. Therefore, to rebut the coroner's determination, as expressed in the coroner's report and the death certificate, competent, credible evidence must be presented." *Id.* at 30.

{¶ 11} With these standards in mind, we turn to Clay's first assignment of error, where he addresses the trial court's decision granting the ME's motion for summary judgment. He argues that the ME relied on conclusory statements and submits that the ME "failed to point to any evidence of the type listed in Civ.R. 56(C)" to support summary judgment in the ME's favor. (Clay's brief, p. 11.) Contrary to Clay's assertions, however, the ME attached an affidavit of the coroner who

performed the autopsy, the autopsy report, as well as the transcript from Clay's murder trial, setting forth the cause, mode, and manner of death. According to the coroner's verdict, the victim died of blunt-force impacts to the head, with brain and soft-tissue injuries. The ME explained at trial and in his affidavit that

> "[b]lunt force impacts," or "blunt force trauma" includes any force applied to a body or parts of a body by blunt, as opposed to sharp objects. It includes the application of force by a hand or other body part, including the application of force by a hand to a person's mouth as in cases involving smothering or suffocation.

(The ME's MSJ, Galita aff. at ¶ 16.)

{¶ 12} Clay, nevertheless, contends that the ME's trial testimony and affidavit are inconsistent with the coroner's verdict. Specifically, Clay contends that there is "no evidence of suffocation or smothering being a contributing factor to the mode, manner or cause of death." (Clay's brief, p. 11.) We disagree.

{¶ 13} At trial, the ME testified that the victim had "teeth imprints on the upper lip" and a laceration to the lower lip, which was caused by "hard pressure applied against the face, against the teeth." (The ME's MSJ, tr. 674-676.) He also explained that the bruises concentrated on the left side of victim's face were caused by "blunt force trauma to the face and the head, pressure applied, hard pressure applied on the mouth and nose." (The ME's MSJ, tr. 678.) The ME testified that a majority of the bruises were around the mouth and forehead, and they were "fresh bruises." (The ME's MSJ, tr. 678.) He explained that smothering leads to suffocation due to lack of oxygen to the brain. The ME testified that it would take "no more than 70 seconds" to suffocate the victim to the point of death. (The ME's

MSJ, tr. 696.) He also testified that the victim had physical signs in her lungs that indicated "repeated smothering, not once, repeated smothering" over the course of her life. (The ME's MSJ, tr. 693.) After reviewing the ME's motion for summary judgment and all accompanying evidence, we find that the ME set forth sufficient evidence to establish that the victim died of blunt-force impacts to the head, with brain and soft-tissue injuries.

{¶ 14} Having found that the ME set forth specific facts that demonstrate the ME is entitled to summary judgment, we address whether Clay met his burden to establish that a genuine issue of material fact still exists. Clay contends that he filed a brief in opposition to the ME's motion for summary judgment; however, the docket does not reflect this filing. Nonetheless, Clay argues that his affidavit and exhibits attached to *his* motion for summary judgment (including, but not limited to, the ME's responses to request for admissions, trial transcripts from his murder trial, several police reports, the autopsy report, medical records, and scientific articles), as well as the complaint and other pleadings, set forth sufficient evidence that a genuine issue of material fact exists.

{¶ 15} We recognize that in Ohio, pro se litigants are held to the same standard as all other litigants: that is, they must comply with the rules of procedure, as well as suffer the consequences of their mistakes. *In re Estate of O'Toole*, 2019-Ohio-4165, ¶ 23 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). Nevertheless, even if we indulge Clay and view the

evidence in *his* motion for summary judgment and reply brief, we cannot say that Clay met his burden of proof.

{¶ 16} Throughout this entire case, Clay attempts to argue each injury in isolation suggesting innocent explanations for some of the injuries and claiming that none of the injuries caused the victim's death. For instance, Clay submits that some of the victim's facial injuries were self-inflicted when the victim dropped a television remote control on her face several times when she was playing with it. Additionally, he contends that the injury to the victim's forehead and chin were the result of her slipping out of his hands at a waterpark and hitting her head on the slide. Clay also explains that the victim was not feeling well from a recent illness, seeming to imply that she accidentally smothered herself because she was not well. Although Clay attempts to "clip and paste" the testimony and evidence to prove his theory of the case, his theories are not evidence. In other words, there is no evidence in the record that the victim died from anything other than the blunt-force impact of a hand covering her nose and mouth until her brain was so starved of oxygen that she died, just as the ME found. Therefore, even after viewing the evidence most strongly in favor of Clay, we find that summary judgment in favor of the ME was properly granted.

{¶ 17} Accordingly, Clay's first assignment of error is overruled.

{¶ 18} In Clay's second assignment of error, he argues that he set forth competent, credible evidence in his motion for summary judgment that rebuts the nonbinding rebuttable presumption that the coroner's verdict was correct. Again,

we disagree because Clay relies on his own interpretation of the evidence and testimony to rebut the coroner's verdict. While Clay suggests innocent explanations for some of the victim's facial injuries, he does not offer an alternative cause of death, and this court has stated that "except as to questions of cause and effect, which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such an opinion." *Smith v. Huron Hosp.*, 2008-Ohio-2784, ¶ 13 (8th Dist.).

{¶ 19} In the instant case, the victim was eight months old and had teeth imprints on the inside of her lip and a laceration to her lower lip. The ME testified that these "injuries happen by pressure applied on the face, hard pressure applied on the face against the teeth," and that these injuries could not be self-inflicted. (The ME's MSJ, tr. 676.) Clay has not set forth competent, credible evidence to rebut the presumption that the coroner's verdict was accurate. Therefore, no genuine issue of material fact remains and the trial court's denial of Clay's motion for summary judgment was proper.

{¶ 20} Accordingly, Clay's second assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

DEENA R. CALABRESE, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment:  William A. Klatt, J., retired, of the Tenth District Court of Appeals.)